FREDERICK v. THE MISSOURI RIVER, FT. SCOTT & GULF RAILROAD COMPANY, *Appellant.*

1. **Estoppel.** Silence, in the absence of knowledge of one's rights, will not work an estoppel.
2. **Execution:** LEVY: SHERIFF'S DEED. Where, under an execution issued on a joint judgment against two defendants, the sheriff levies on land as the property of one of them, and sells and conveys the interest of the latter, his deed will not pass to the purchaser any interest the other defendant may have in the land.
3. **Ejectment:** FINDING OF TRIAL COURT. The evidence in this case held sufficient to support the finding and judgment of the trial court.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED

*Wallace Pratt* for appellant.

(1) The claim of respondent that the title to the south half of the acre did not pass to Mary Frederick by the sale upon the execution is untenable, even if we concede that the father's name was not "John" but simply Henry Frederick, and that the deed of the five acres from Joseph Henry was to the respondent by the name of "John H. Frederick." The judgment was against the two upon a promissory note executed by them jointly, and was a lien upon the entire acre, whether the title was in the father as to the whole, or in him as to the north half only, and in the son as to the south·half. (2) Whatever may be the

effect of the execution sale and the deed to Mary A. Frederick, the respondent is equitably estopped from asserting any claim to the property in question as against the appellant. *Stows v. Barker*, 6 John. Ch. 166 ; *Wood v. Wilson*, 37 Pa. St. 379 ; *Chapman v. Chapman*, 59 Pa. St. 214 ; *Morgan v. Railroad Co.*, 96 U. S. 716 ; *Dickerson v. Colgrove*, 100 U. S. 578 ; *Kirk v. Hamilton*, 102 U. S. 68 ; *Collins v. Rogers*, 63 Mo. 515 ; *Evans v. Snyder*, 64 Mo. 516 ; *Kelly v. Hunt*, 74 Mo. 561. (3) The respondent has twice knowingly received the proceeds of a sale for full value of the premises sued for, still retains these proceeds, and now wants the property itself. 1st, The proceeds of the execution sale of the acre, one-half of which he claims belonged to himself, were applied to the payment of the damages, interest and costs, of judgment against himself and his father, one-half of which he was equitably bound to pay. 2nd, Of the four thousand dollars, proceeds of the sale to Joy for the appellant, his mother had at the time of her death the two houses and lots purchased at a cost of $1,950, and $550 in money, the balance having been expended by her for her support. These houses and lots, and the money, aggregating more than his half of the proceeds of the sale, the respondent as we have already shown applied to his own use, and still retains the proceeds. *Austin v. Loring*, 63 Mo. 19 ; *Evans v. Snyder*, 64. Mo. 516. (4) The record in this case inevitably leads to the conclusion that for some unexplained reason, the legal title to the five acres purchased by the respondent from Joseph Henry, in 1856, was purposely taken in the name of the father, "John H. Frederick." (5) The sheriff's deed to Mary A. Frederick, recites a levy and sale of the land. But the granting part of the deed is of the right, title, interest and estate of Henry Frederick. No such granting clause was necessary, and it has no effect. 1 R. S. 1855, p. 748, § 57 ; 1 R. S. 1879, p. 401, § 2392. It is otherwise in case of sale of personalty, where a bill of sale is made. 1 R. S. 1855, pp. 747, 748, § 53 ; 1 R. S. 1879, p. 400, § 2388. Also in case of

deeds of real estate by administrators. 1 R. S. 1855, p. 147, § 35 ; 1 R. S. 1879, p. 79, § 169. And in case of deeds of realty by curator and guardian. 1 R. S. 1879, p. 435, § 2590 ; Freeman on Ex. §§ 324, 325.

*Gage, Ladd & Small* for respondent.

The history of the very title the appellant purchased showed that Henry and John H. Frederick were not the same person. The middle initial of a name in a deed, when the first and last names are given in full, is not a material part of the name, and a mistake in that letter is not a material mistake. *Phillips v. Evans,* 64 Mo. 23 ; *Orme v. Shephard,* 7 Mo. 606 ; *Franklin v. Talmage,* 5 Johns. 84. The failure of respondent to assert his title and claim his property from the time of the marshal's sale to the bringing of of this suit, whether the state of the title was known to him or not, constitute no estoppel against him. He had ten years under the statute within which to bring his action. The conduct of respondent when informed by Balis of his negotiations with Mary A. Frederick for the purchase of the property, will not estop him from claiming it. Silence will estop only when the party knows the fact which he ought to speak and the circumstances are such that his failure to speak is in morals and in conscience a fraud. *Henshaw v. Bissell,* 18 Wall. 255 ; *Robinson v. Justice,* 2. P. & W. (Pa.) 19 ; *Brewer v. Railroad Co.,* 5 Met. 484 ; *Chapman v. Chapman,* 59 Pa. St. 214 ; *Delaplaine v. Hitchcock,* 6 Hill (N. Y.) 14 ; *Smith v. Hutchinson,* 61 Mo. 83 ; *Taylor v. Zepp,* 14 Mo. 482 ; *Garhart v. Finney,* 40 Mo. 462 ; *Rice v. Bunce,* 49 Mo. 235 ; 31 Pa. St. 334 ; 14 Cal. 368 ; *Acton v. Dooley,* 74 Mo. 69 ; Bigelow on Estop., (3 Ed.) 504. The appellant did not make lasting or valuable improvements upon the property before suit was brought. Besides respondent is not shown to have known either of the improvements or his title when the suit was brought. The fifty feet purchased by respondent from his mother is no

part of the tract purchased by appellant. The acceptance of a deed from his mother would not estop respondent as against her to deny the title, much less would it work an estoppel in favor of a stranger.

*L. Traber* also for respondent.

There is no evidence that respondent ever claimed and held out that his mother was the owner of the premises in question. It could not have been done by his silence in ignorance of his rights. Bigelow on Estop., (3 Ed.) 497, 499; *Rice v. Bunce,* 49 Mo. 325; *Merrills v. Phelps,* 34 Conn. 109; *Taylor v. Ety,* 25 Conn. 250. As to appellant's third defense: it is true that respondent knew of the contemplated sale of the land in question by his mother to Joy, but it is equally true that from and after the sale by the marshal to his mother, until within a short time before the commencement of this suit, he was ignorant of his rights, and the true state of his title to the premises in question, and being so, for that reason did not make them known, and hence cannot be estopped. *Smith v. Hutchinson,* 61 Mo. 83, 87; *Bales v. Perry,* 51 Mo. 449; Bigelow on Estop., (3 Ed.) 319, note 5; *Knouf v. Thompson,* 16 Pa. St. 357, 364. "It is not enough to raise an estoppel that there was an opportunity to speak, which was not embraced, nor is any duty generated by the mere fact that a man is aware that some one may act as to his prejudice if the true state of things is not disclosed." Bigelow on Estop., (3 Ed.) 503; *Viele v. Johnson,* 82 N. Y. 32. "Silence without knowledge works no estoppel." *Acton v. Dooley,* 74 Mo. 63; *Viele v. Judson,* 83 N. Y. 40; *Horn v. Cole,* 51 N. H. 287; *Slevins v. Demit,* 51 N. H. 324; *Gregg v. Von Phul,* 1 Wall. 280. *Hill v. Eply,* 31 Pa. St. 331; *Chapman v. Chapman,* 59 Pa. St. 214; *Picard v. Sears,* 6 Ad. & Ell. 469; *Gregg v. Wells,* 10 Ad. & Ell. 90. There is no estoppel against respondent on the other grounds urged by appellant.

RAY, J.—We gather from the record in this cause,. that on July 24, 1851, A. B. Canville, by deed of that date, conveyed to Henry Frederick, the father of respondent,. forty by forty poles (10 acres) in the southern part of the east one-half of the northwest quarter of section 6, township 49, range 33, Jackson county, Missouri. The respondent, John B. Frederick, on March 10th, 1856, purchased from Joseph Henry five acres of land, twenty rods north and south and forty rods east and west, in the southeast. part of the east half of the northwest quarter of section 6,. township 49, range 33, in Kansas City, and lying south and adjacent to ten acres then owned and occupied by his father, with whom the respondent at that time lived. The deed from Joseph Henry for the five acres, so purchased by. John B. Frederick, was taken in the name " John H. Frederick." The description in said deed was as follows : The south part of the east one-half of. northwest quarter section 6, township 49, range 33, containing five acres more or less, bounded as follows : Beginning at the southeast corner of said east one half, thence north twenty poles, more or less to Henry Frederick's southeast corner, thence west with Frederick's line forty poles, thence south twenty poles, thence east forty poles to the place of beginning.

It seems that in 1857 the Fredericks sold to Ulysses: Turner and others, fourteen acres of the fifteen, leaving· one acre unsold, one-half of which was part of the ten acres originally owned and occupied by the father, and the· other half of the five acres so purchased by the son from Joseph Henry. Said deed begins thus : " Know all men by these presents, that we, Henry Frederick and Mary A. Frederick, his wife, and John H. Frederick, son of the· said Henry, and Mary Frederick, of the county of Jackson, State of Missouri," etc. In 1862 a judgment was. recovered in the Kansas City court of common pleas by Theodore Etue, against John B. Frederick, the respondent, and Henry Frederick, his father, for $210 and costs,.

upon a promissory note theretofore made by them, and upon the same an execution was issued January 30, 1863, and levied upon the one acre left of the fifteen after said sale and conveyance of the fourteen acres to Turner and others. Said levy was made on the acre " as the property of Henry Frederick." In the granting part of the deed the marshal described the property as, " all the right, title and estate of the said Henry Frederick in and to the real estate above mentioned." This acre, so levied upon, was afterwards, on May 25, 1865, sold under the execution by the marshal of said court to Mary A. Frederick, the mother of respondent, for the sum of $365, and deed made to her accordingly. In July, 1865, the father died, leaving a last will and testament, signed with the name John Henry Frederick, whereby he gave to the son $10, and devised all the rest of his property to his wife, Mary A. Frederick.

It seems that shortly after the execution sale to his mother, John B. Frederick moved away from the property in question to Wyandotte county, Kansas, leaving her in sole possession, and from that time till about the time of the commencement of this suit, in March, 1875, never made any claim to any part of it. In March, 1866, he purchased from his mother, for the sum of $50, and took a conveyance thereof to himself, the south fifty feet of the acre, being a part of the five acres purchased by him of Joseph Henry, the deed to which was made to John H. Frederick. This fifty feet, he afterwards, in 1868, sold and deeded to Timothy Freeman. In February, 1868, Mary A. Frederick sold and deeded to Oliver Case the north fifty feet of the acre, and on October 24, 1868, for the consideration of $4,000, sold and deeded to James F. Joy the balance of the same, being all of the acre except the fifty feet on the south, conveyed to John B. Frederick and the fifty feet on the north conveyed to Oliver Case. This purchase was made by Joy for the Missouri River, Fort Scott & Gulf Railroad Company, the defendant, and the $4,000 paid to Mrs. Frederick was furnished by the railroad company.

Immediately after the purchase by Joy, the railroad company entered into possession of the property, laid railroad tracks upon it, and has ever since occupied and claimed title therto. In 1872, Mary A. Frederick died intestate, leaving John B. Frederick, the plaintiff, her sole heir, who administered upon her estate. In March, 1875, John B. Frederick commenced this action of ejectment against the Missouri River, Fort Scott & Gulf Railroad Company to recover possession of the south half of the acre aforesaid, except the said south fifty feet purchased by him from his mother in 1866 and sold to Freeman.

The petition was in the usual form. The amended answer of the defendant contains first a general denial, and second a plea of estoppel *in pais.* On this behalf, the amended answer contains the follo\...ng allegations, to-wit: " That so much of said acre as lies north of a line drawn parallel to the south line of said northwest quarter, and twenty poles north thereof was on the 24th day of July, 1851, conveyed by one A. B. Granville to the father of plaintiff, by the name of Henry Frederick; and that so much of said one acre as lies south of said parallel line was on the 10th day of March, 1856, purchased by plaintiff from Joseph Henry, and a deed of conveyance thereto taken in the name of John H. Frederick." It then charges that said Henry Frederick, the father, was then, and up to his death, known and called, by himself and others, by name of John H. Frederick, as well as Henry Frederick, and that said Joy and defendant, at the purchase supposed and believed that the person named, and to whom said deed was made, was the said father of the plaintiff. Said amended answer then set up the recovery of said judgment, by Theodore Etue, in December, 1862, against Henry Frederick, the father, and John B. Frederick, the plaintiff, the issue of execution thereon, and levy of same upon said acre, as the property of Henry Frederick; a sale and conveyance in pursuance thereof, on May 25th, 1865, by the marshal to said Mary Frederick, and a sale and conveyance of said **one**

acre of land, (except the fifty feet sold to plaintiff, and the fifty feet sold Oliver Case, as aforesaid) by Mary A. Frederick, on October 24th, 1868, to James F. Joy, for the use and benefit of the railroad company, defendant. It then charges, in substance, that Mary A. Frederick, the plaintiff, and said Henry Frederick up to his death, at all times, from and after said marshal's sale, and up to the sale and conveyance of the land in question to defendant, gave out that said Mary A. Frederick was the absolute owner of the land in question, and with the knowledge and consent of plaintiff, had and held the possession thereof, as the absolute and undisputed owner; and with like knowledge and consent of plaintiff, sold and conveyed the same to Joy for defendant. That plaintiff was present at said sale, so made by his mother to defendant, and made no claim nor asserted any right, title or interest in or to the land in question. That plaintiff well knew the matters and things aforesaid, and that the title to the whole of said acre, before said marshal's deed, appeared in the name of his father, and that defendant supposed and believed that his mother was the sole and absolute owner thereof; yet the plaintiff stood by and saw the defendant take possession and make valuable and lasting improvements on said land without objection. That plaintiff purchased from his mother, after the marshal's sale to her, fifty feet off of the south end of that part of the acre, which lies south of the ten acre tract, and accepted a deed from her for the same, and afterwards sold and conveyed the same to T. M. Freeman. That Henry Frederick, the father of plaintiff, died shortly after the marshal's sale to his wife. Leaving a will executed by him in the name of John Henry Frederick, by which he devised all his property, real and personal, to Mary A. Frederick, his wife, except the sum of $10 bequeathed to the plaintiff. That the mother afterwards died intestate, leaving the plaintiff her only heir, who administered on her estate, and inherited and received her estate, including the proceeds of what she got from defendant, for the sale of the acre in

question. The answer then further charges, that the plaint-- iff now says, and claims that he is the person meant and intended as grantee in said deed from Joseph Henry to "John H. Frederick;" that the part of said acre south of said parallel line aforesaid, was not conveyed by virtue of the marshal's deed aforesaid to said Mary A. Frederick; that said Mary A. Frederick was not the owner thereof, at any time; and that he is the owner thereof, and entitled to the possession; but the defendant says, that by reason of the matters and things hereinbefore stated, the said plaintiff is. now *estopped* and precluded from making, setting up, or having any right, title or interest in or to said parcel of land, so purchased by defendant and said Joy, or any part or portion thereof, and from obtaining the possession thereof. Wherefore the defendant asks judgment for its. costs, herein laid out and expended, and that it go hence.

To this plea in estoppel the plaintiff filed a special re- ply, in which he denies that said Henry Frederick was. ever known or called by the name of John H. Frederick, as charged; or that said Joy or defendant at the time of said purchase, supposed or believed that the person named in said deed of Joseph Henry to John H. Frederick, as John H. Frederick, was the said Henry Frederick, as stated. The plaintiff then states that said marshal sold, at said exe- cution sale, the right, title and interest of said Henry Frederick in and to said acre of land, and no other right, title or interest whatever, and that said marshal in and by his deed, made in pursuance of said sale, conveyed, and undertook to convey the said right, title and interest of said Henry Frederick and no other, and that plaintiff's estate in and title to the premises in controversy were in no man- ner conveyed or affected by said levy, sale or deed. Plaint- iff denies that he, the plaintiff, or said Henry Frederick, at any time, claimed or gave out, that said Mary A. Frederick sold or conveyed said premises with his knowledge or con- sent; or that said Mary A. Frederick ever had, or held,. said premises as her own with his consent. Plaintiff, how-

ever, states that after the marshal's sale, mentioned in the answer, his mother, Mary A. Frederick, informed him that she had purchased his estate and interest in the premises sued for, and that the same had been levied upon, sold and conveyed to her by said marshal; that, in point of fact, said information was not true; but that plaintiff having no other information on the subject, was led thereby to suppose and believe that his said estate and interest in said premises had been so sold and conveyed to his mother, and that she thereby became and was the owner thereof, and having no other or further information in the premises, he continued in such false supposition and belief, until a short time before the institution of this suit; and that immediately upon receiving information that his estate and interest in said premises had not been sold, or conveyed by said marshal, he caused this suit to be brought. That at the time his mother so informed him of her pretended purchase of his interest she with his father was living upon the premises, and that, thereafter, he made no effort to dispossess them, because he had been so misled by the false information so communicated to him by his mother; and that her occupation thereof, thereafter, as her property, was not with his knowledge or consent. Plaintiff denies that his mother sold the premises in question to Joy, or the defendant, with his knowledge and consent, or that, prior to defendant's pretended purchase, he had any knowledge whatever, of defendant's intention to purchase; or that defendant supposed or believed that his mother was the owner thereof, or that defendant did so suppose or believe. Plaintiff denies that he was present at any negotiation between defendant and his mother, in reference to said sale or purchase; or had any knowledge or information thereof, prior thereto; or that defendant was led or induced, by the matters or things stated in said answer, or by any act, word or deed of his, in any manner to make said purchase or pay, for said premises; or that defendant was led or induced to take possession or improve said property by any

act, word or deed of his; or that defendant, did possess or improve the same, with his knowledge and consent; or that plaintiff received any part of the purchase money, or the proceeds thereof, of said pretended sale, by his mother to defendant.

Plaintiff also denies that the title to said premises in controversy ever appeared in the name of his father, the said Henry Frederick, and on the contrary, he states that his deed for said premises, mentioned in the answer, from Joseph Henry was, at the time of said Joy's pretended purchase, and for many years prior thereto, and for many years prior to said marshal's sale, had been duly and legally recorded in the proper office, and that Joy and defendant had due notice thereof, at and before said pretended purchase. Plaintiff denies that defendant made said pretended purchase without any knowledge or information of his interest and title thereto; or that it has made any valuable or lasting improvements thereon, except a single railroad track of little value across one corner thereof, or that the value of said premises has been materially advanced thereby; and plaintiff further states that the premises in controversy were conveyed to him, by said Joseph Henry, in and by said deed, dated the 10th of March, 1856, and that he was and is the grantee named in said deed, as John H. Frederick, and that of this fact defendant and Joy had full notice, and well knew, at and before said pretended purchase from his said mother, etc., etc. Plaintiff states that it is not true, as charged in the answer, that he led or induced defendant to purchase said premises; or that he, after the marshal's sale, and the information thereof, so given by his mother, or at any time before or during the negotiations for said sale between his mother and defendant, had any knowledge of his rights or interest in the premises; or that he, in any manner or any time failed to claim or assert his title to the premises, when he might or should have so done; or that he led or induced the defendant to make said purchase; or that he is, or was, in any way, responsible

APRIL TERM, 1884. 413.

Frederick v. The Missouri River, Ft. Scott & Gulf Railroad Co.

for the purchase so made, and on the contrary, he charges that defendant made and was led and induced to make said purchase upon its motion, information and knowledge of the facts derived from sources within its reach, search and inquiry, altogether foreign to this plaintiff, or to any act, word or deed of his, or to any failure of his to claim or assert his title at any time when it was his duty so to do.

Whereupon plaintiff denies that he is, or in justice should be estopped from now claiming and asserting his rights and title to the premises in question; or from recovering the possession thereof, as claimed and asserted in his petition. Such at least, is the substance and legal effect of the material parts of said answer or plea in estoppel, and the reply thereto.

At the trial, as shown by the record, the parties having waived a jury, and the testimony being all in, the cause was submitted to the court on the pleading and evidence, without instructions or declarations of law; and the court after full hearing and consideration thereof, found substantially all the material issues in favor of the plaintiff and rendered judgment accordingly, from which the defendant after an unsuccessful motion to set aside said finding and judgment and grant a new hearing, appealed to this court.

The causes for said new hearing as set out in the motion, are as follows: 1st. Said judgment and decree are against the law and the evidence in the cause. 2nd. On the evidence and proofs the finding and judgment should have been for defendant, and not for plaintiff. 3rd. On the law and the evidence, the judgment is erroneous. 4th. Judgment is not supported by the findings. 5th. The court erred in excluding competent evidence offered by defendant, and in admitting illegal evidence offered by the plaintiff.

This motion, as the record shows, was taken up, considered, and overruled by the court, to which action of the court in so doing, the defendant duly excepted, and as before stated, brings the case here for review. The record

shows that at the trial, the parties respectively introduced, in evidence the deeds, title papers and documents mentioned upon which they relied, together with a large mass of oral evidence, touching the points in controversy, and which in many particulars was conflicting and contradictory, and need not here be set out in detail, but such parts thereof as may be deemed material and pertinent will be noticed, in the progress of this opinion.

The leading and material points, in controversy, were: 1st, Who was the *grantee* in the deed from Joseph Henry, for the land in controversy? or whether the father Henry Frederick, or the son John B. Frederick, was the party named therein, and to whom said conveyance was in fact made? and subsidiary to this question, was another, and that was, whether the father was known and called by the name of "John H. Frederick," as well as Henry Frederick? 2d, Whether the title, interest and estate of the plaintiff, if he had any, in and to the premises in suit, *passed* by the marshal's deed in question to Mary A. Frederick, the mother of plaintiff? 3d, Whether the defendant, in making said purchase from Mary A. Frederick, was led or induced thereto, by any act, word, deed or conduct of the plaintiff; and if so, whether the plaintiff, at the time, was aware of his rights and title to said property; or whether the defendant, in making said purchase, was led and induced thereto by its own information, search and inquiry, otherwise derived. 4th, Whether, after said purchase by defendant from Mary A. Frederick, the plaintiff, with knowledge of his rights and title to the property in question, if he had any, stood by and saw the defendant take the possession and make the improvements thereon, without objection, or notice to defandant of his said claim and title, etc.; and, 5th, Whether under the evidence in the cause, the plaintiff is estopped from claiming or setting up his title to said property, by reason of his conduct in the premises, and the law applicable thereto. These we think are the material and controlling questions in the case. Of

these, in the third, most elaborately pressed upon our attention by appellant's counsel are, 1st, the *identity* of the grantee, in the deed from Joseph Henry; 2d, the force and effect of the marshal's deed in question; and lastly, the general question, whether the plaintiff is estopped by his conduct from now setting up or claiming title to the premises in question.

As before stated no instructions or declarations of law were given, asked, or refused. The cause, being thus submitted to the court, upon the pleadings and evidence in the cause, the findings of the court, upon all the material and controlling points and questions, as shown by the special findings in the record, were substantially in favor of the plaintiff, and judgment accordingly. Among the findings of the court, it appears that the court found substantially that the plaintiff was and is the grantee in said deed from Joseph Henry; that the title of the plaintiff did not pass by the marshal's deed in question; that the defendant was not led or induced to make said purchase by the acts, words or conduct of plaintiff; that the plaintiff from and after the marshal's sale, and the information thereof given him by his mother, was led to believe and did believe that his mother had purchased his interest and had a conveyance therefor, and that he never knew any better, until, just before this suit was brought; that the evidence failed to show that plaintiff did or said anything; or by his conduct led or induced the defendant to make the purchase in question, or that he had knowledge or consented to defendant's possession or improvements upon said land, as charged in the answer. These, we think, are substantially the material findings of the court, in the premises. There are other special and minor findings that, in no way, alter or change the result.

On the question of the identity of the grantee in the deed from Joseph Henry in question, it was proved by the testimony of the plaintiff and also by that of M. J. Payne, who was present at its execution, and who wrote the same,

that the plaintiff was the grantee therein, and the person named therein as such. The proof on this point is also strongly corroborated by the weight of all the facts and circumstances in evidence. Indeed, there seems to be no just cause to doubt this position. There is but little evidence to the contrary. The preponderance of the evidence, also, shows that the name of the father was Henry Frederick, and not John H. Frederick, as claimed by defendant. There is some evidence of his having made and received documents and papers by the name of John H. Frederick, and it is conceded that he made and executed his will by the name of John Henry Frederick; but these are exceptional acts, while the great bulk of the testimony shows conclusively, we think, that his name was Henry Frederick, and not John H. Frederick.

The evidence, we think, is equally satisfactory that the defendant in making said purchase from Mrs. Frederick, was not led or induced thereto by the alleged acts and conduct of the plaintiff; that his presence at one time, when this trade was talked of between Mrs. Frederick and the agent of defendant, and his failure under the circumstances to object or assert his title, had very little if anything to do in leading to or bringing about said sale. In fact, the trade seems to have been already agreed to before the plaintiff knew anything about it, so far as the testimony shows. It is also quite manifest we think, that the plaintiff at that time, as well as prior and subsequent thereto, was ignorant of his rights and title to the property in question, and that he had been led and induced to believe that his title had been sold and conveyed by the marshal's deed in question, by the information so received from his mother, and that at that time he was laboring under an honest mistake and belief that he had no title.

We think also that the finding and construction of the trial court as to the force and effect of the marshal's deed was correct. It is true that the judgment of the court on which the execution issued, and under which the levy,

sale and deed of the marshal were made was a joint judgment against the plaintiff and his father, Henry Frederick, and that said judgment was a lien upon the interest of both the father and son, in their respective pieces of property by them so owned at the time, and that the interest of the son as well as the father, might have been levied on, sold and conveyed by the marshal's deed, but it is equally true that in point of fact, it was neither levied on, sold or conveyed by said deed, and that the deed on its face so shows. The recitals are, that the one acre in question, of which the plaintiff's tract was a part, was levied on, "as the property of Henry Frederick," that it was sold as such, and the deed recites that the said marshal did, thereby, "give, sell and convey unto the said Mary A. Frederick, all the right, title and estate of the said Henry Frederick in and to the real estate above described." It is manifest that the interest of the plaintiff did not pass by said deed, nor does the deed upon its face purport to pass the same. This being so, it is equally clear that her deed to defendant did not and could not pass it, she having no other claim to the land in question.

On all the material questions of fact, controverted by the testimony, and submitted to the court for trial and decision, we think, the evidence in the cause was and is amply sufficient to sustain and justify the findings of the court. Its finding and construction, as to the force and effect of the marshal's and other deeds and documents in evidence, was and is, we think equally just and correct.

The force and effect of the doctrine of estoppel *in pais*, as pleaded in this case, as well as the application of the law to the facts in evidence as here, is well illustrated by the authorities cited in respondent's brief. Others to the same effect, from this court and elsewhere might be added if necessary.

Other and minor points have been urged in argument, but we deem them unimportant to the proper disposition of the case. Other and different authorities are also cited in

27—82

the able brief of appellant's counsel; but upon the whole case and all the authorities, we think the cause was properly tried and disposed of by the trial court, and its judgment is, therefore, affirmed. All concur.