BENJAMIN F. PROCTOR *vs.* PUTNAM MACHINE COMPANY.

Worcester. February 7. — May 8, 1884.

If A. is informed by B., who owns land adjoining that of A., that B. proposes to erect a wall on his own land at his own expense, and A. assents that the wall shall be built according to the line of B.'s land as established by the survey of C., A. is not estopped to maintain a writ of entry against B., after the wall has been built, for land erroneously included in such survey, if, in assenting to the building of the wall, he acted under a mistake of fact, and not with intent to mislead B.

WRIT OF ENTRY to recover a parcel of land in Fitchburg. Plea, *nul disseisin.* Trial in the Superior Court, before Staples, J., who allowed a bill of exceptions, in substance as follows :

The demandant contended that the land demanded was a portion of the land described, in a deed from David B. Ordway, executor of Abigail E. Marshall, to the demandant, as follows : " Beginning at a stone in the ground at the northwesterly corner of said lot at land of Jeremiah Kinsman, Jr.; thence running easterly sixty feet upon said road to a stone in the ground; thence southerly at right angles with the road on land of Abel Fox to land late of Martin Newton; thence westerly sixty feet more or less on land late of said Newton, to a stone set in the ground at the corner of land of the aforesaid Kinsman; thence northerly on land of said Kinsman to the first-mentioned bound." The tenant contended that the land demanded adjoined the land described in said deed, upon its easterly and southerly side.

The tenant is the owner of the land adjoining the demandant's, on the easterly and southerly side, whether the demandant's true line is where he claims it to be, or is where the tenant claims it to be. A portion of the land of the tenant lying

immediately south of the demandant's land described in said deed, and adjoining it, was purchased of the demandant in 1866, and he conveyed it to one Charles Burleigh for the tenant, by a deed which contains the following description: " Beginning at the southwesterly corner of said Proctor's other land at a corner of land of J. Kinsman, Jr.; thence south 26° 30' west 73½ feet to a stone set in the ground near the northerly side of the canal, or raceway, leading from the factory of S. F. Atherton; thence down said canal on the northerly side thereof, to a stone set in the ground at land formerly of Hosea B. Gibson and another, fifteen feet from their brick shop; thence northerly, parallel with the westerly side of said brick shop and fifteen feet from the same, by land formerly of said Gibson, to a stone set in the ground at land formerly of Dr. Abel Fox; thence westerly, by said last-named land and other land of said Proctor, to the place of beginning."

There was evidence tending to show that, in 1878, the tenant built a heavy and substantial bank wall on the easterly and southerly side of the demandant's land, described in the Marshall deed, varying in height from eighteen inches to ten feet, and covering substantially the land demanded; that, before building this wall, the agents of the tenant had an interview with the demandant, in which they told him that the tenant proposed to build said wall upon its own land, and at its own expense, and they requested him to unite with them in measures for the ascertainment of the true boundary line between them; that, in answer to the request, the demandant said that one Raymond, a civil engineer, had surveyed the land and had the means of fixing the true boundary, but that, as Raymond was away at that time, it could not be done until he got home; that said agents informed the demandant that one Sheldon, an engineer and an assistant of Raymond, probably had possession of Raymond's field notes, taken in said survey, and could, with their aid, establish the line fixed by Raymond's survey; that the demandant said that, if Sheldon could, with the aid of Raymond's field notes, establish the line surveyed and fixed by Raymond, it would be satisfactory to him to have the wall laid out and built upon it accordingly; that, before leaving, said agents asked the demandant if it was understood that the wall should

be put in by the tenant according to Raymond's notes, and the demandant said, " Yes ; " that thereupon Sheldon, with Raymond's notes, surveyed, established, and fixed the line as established and fixed by Raymond; and that the wall was built on said line accordingly, at a large expense, by the tenant, and the same is now standing.

The tenant asked the judge to rule that, if the demandant assented and agreed that the wall should be built on the tenant's land, on the line as established by Raymond's survey, and the wall was so built by the tenant, then the jury should find for the tenant. The judge refused so to rule, but ruled that, on the facts appearing in evidence, if believed, the demandant would not be estopped from maintaining this action, if, in what he said and did in the premises, he acted without fraudulent intent to deceive or mislead the tenant, in regard to the true line between them, but under a mistake of fact ; that if he acted with such fraudulent intent, then the demandant would be estopped from maintaining the action ; and that, in any event, the declarations and conduct of the demandant were evidence for the consideration of the jury in determining where the true boundary line between the parties really was.

The jury returned a verdict for the demandant; and the tenant alleged exceptions.

*F. A. Gaskill & C. S. Hayden,* for the tenant.

*G. A. Torrey & H. C. Hartwell,* (*A. Norcross* with them,) for the demandant.

DEVENS, J. The demandant was informed by the tenant's agents that the tenant proposed to build a wall upon its own land at its own expense, and assented that the wall should be put in according to the line of the tenant's land as established by the survey of one Raymond. Upon these facts, the tenant asked an instruction which required the jury to find for it, even if the survey of Raymond was erroneous, and the wall was thus on the demandant's land. This instruction was rightfully refused. A mistake of fact honestly made by the demandant, as to the location of the boundary line of his lot, by which he was induced to assent to the placing of a wall thereon by the tenant, could not operate either to convey the land, or to estop the demandant from asserting his title thereto. The instruction

that, if the demandant acted with any fraudulent intent to deceive or mislead, he would be estopped from maintaining the action, sufficiently guarded the rights of the tenant.

While it has been held that, in a matter of boundary, which is a question of the true line of division between adjoining estates, uncertainty may be removed by an arbitration and an award which, not directly operating to convey the land, will conclude the parties from disputing the boundary as thus determined, no such case is here presented. *Goodridge* v. *Dustin*, 5 Met. 363. Where a boundary line has been erroneously run between adjoining estates without fraud, and under a mutual mistake, one party is not estopped from claiming his own land up to the true line, because the other has, with his knowledge, erected buildings or incurred expense by reason of the mistake. *Tolman* v. *Sparhawk*, 5 Met. 469. *Liverpool Wharf* v. *Prescott*, 7 Allen, 494. An occupation according to such erroneously drawn line, if adverse and under a claim of right, would, without doubt, effect a change of title, if sufficiently long continued; but, within the period of limitation, the party who has thus permitted another to occupy beyond the true boundary may assert his own title. Neither lands nor any interest therein are to be conveyed by mere oral agreement; and the declarations or admissions of a demandant, made in good faith and by mere mistake, cannot estop him from proving the legal title to his estate, even if, but for such admissions or declarations, the tenant might not have incurred the expenditures which he has made. *Tolman* v. *Sparhawk, ubi supra.* *Brewer* v. *Boston & Worcester Railroad*, 5 Met. 478.

We are aware that some decisions in other States have established a different rule; but, as we deem that laid down by the presiding judge to be well sustained by our own authorities, it does not seem necessary to consider them.

*Exceptions overruled.*