Henry Epstein, J.
This is a motion by defendant to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice upon the grounds that the complaint does not state facts sufficient to state a cause of action and that the cause of action was not commenced within the time limited by law for the commencement of the action; that the claim set forth in the complaint has been released.
The act complained of, viz., the encroachment by defendants on plaintiff’s property, by means of wooden sheathing together with a fill of' concrete constituting part of the subway wall structure.
For the purpose of this motion, the material facts are not in dispute. Defendant urges that the Statute of Limitations is either 1, 6, 10 or 15 years and that the cause of action accrued in 1939.
The plaintiff states that the act complained of is a continuing trespass and furthermore that the Statute of Limitations does not begin to run until the plaintiff either knows or has reasonable cause to know the facts which constitute the trespass complained of; that the trespass was on the underground portion of its property of which it had no way of knowing the existence thereof until the area was excavated preparatory to the erection of the building here involved on or about March 2, 1960.
Assuming that the pleading may be construed as averring that the entry was unlawful, the question to be determined is whether the action is barred.
There is no claim of fraud or deceit alleged in the complaint.
The act herein complained of is considered a permanent trespass (Bertram v. Orlando, 102 Cal. App. 2d 506). Where there is no fraud involved, the three-year Statute of Limitations for an action for trespass upon any injury to real property is applicable (Civ. Prac. Act, § 49; also Proctor v. Putnam Mach. Co., 137 Mass. 159).
Assuming however that the statute does not begin to run until knowledge is acquired, this action would be outlawed since the defendant has secured a prescriptive right to the part of the property in question by its occupancy for over 20 years (Klin Co. v. New York R. T. Corp., 271 N. Y. 376). Accordingly, the motion to dismiss is granted. The other grounds for dismissal are not considered or passed upon.