————O————

SARAH K. TOWNSEND, ADMINISTRATRIX, ETC., Appellant, *vs.* JOHN H. TOWNSEND, SURVIVING PARTNER, ETC., Respondent.

1. *Courts, Probate—Final settlement—Subsequent litigation in the Circuit Court by original suit res adjudicata.*—A final settlement in a Probate Court, as to matters within its jurisdiction and in issue, is conclusive between the parties unless reversed or set aside on appeal ; and the same issues cannot be afterward litigated by an independent proceeding in the Circuit Court. Nor can the same issue be so litigated pending such an appeal.

*Appeal from Chariton Circuit Court.*

*L. H. Waters*, for Appellant.

A final settlement may be reviewed and impeached for fraud. (Jones vs. Brinker, 20 Mo., 87 ; State, to use, vs. Roland, 23 Mo., 98 ; Sullivan Co. vs. Burgess, 37 Mo., 300.)

*Charles A. Winslow*, for Respondent.

The matters complained .of in the petition were all once tried in the Probate Court, and a judgment rendered on them, which remains unreversed and is conclusive. The evidence discloses no fraud or collusion in procuring it, and for any mistake of law or fact the Probate Court may have made in the premises, it cannot be disturbed in this proceeding. (Lewis vs. Williams, 54 Mo., 200, and cases cited.)

VORIES, Judge, delivered the opinion of the court.

In May 1866, Luke Townsend and John H. Townsend, formed a partnership by which they sold goods in the town of Brunswick, Chariton county, until February, 1867, when Luke Townsend died.

After the death of Luke Townsend, Sarah K. Townsend, the plaintiff, administered on his estate; and John H. Townsend, the defendant, under the provisions of the statute of this State, administered on the partnership effects of said firm; and on the 13th of July, 1871, after giving the notice required by law, made his final settlement in the Probate Court as such administrator.

This suit was brought to set aside said final settlement, and to have an account taken of the partnership effects, etc., on the ground that the final settlement was fraudulently procured.

The grounds of fraud relied on by the plaintiff in her petition, are, that the defendant omitted to include in his inventory, part of the partnership effects; that he falsely represented by said inventory that he was the owner of an undivided half of the property and effects of said partnership, when the fact was to the contrary thereof; that he had failed, in his different settlements with the Probate Court, to account for the property and effects named in his inventory; that in his said settlements, he had credited himself with larger amounts than he was entitled to, and had failed to charge himself with proper amounts of interest, etc.

The defendant in his answer denied all fraud and all allegations in the petition charging improper conduct on his part; and then, as a defense to plaintiff's action, averred that the Probate Court of Chariton County had full jurisdiction over said estate and over all of the settlements of defendant in reference thereto; that he had conducted the administration of said estate before and in said Probate Court; and had made his different settlements with said court, including his final settlement which was made with and approved by said court; that when his final settlement was made in said court, the plaintiff appeared by attorney and contested the making or approval thereof; that on said final settlement, all of the matters and things contained in the plaintiff's petition were duly presented to, heard and determined by said court, and that the judgment of said court, so rendered, was final on the subject, and was a full and final determination of each and all of the matters and things aforesaid; that said judgment was not procured by the fraud of defendant and still remains unreversed, etc.

The only answer made to this last defense set up in the answer, by the plaintiff's replication, is, that she denies that the settlement was made in good faith, or that it was correct, or that she is barred from having and maintaining her action to falsify the same because of the action of the said Probate Court thereon.

The court, upon a hearing of the case, found for the defendant and dismissed plaintiff's petition.

The plaintiff made a motion for a re-hearing, which being overruled she appealed to this court.

The judgment in this case must be affirmed on two grounds if not others: 1st. It stands admitted by the pleadings that the same matters sought to be litigated here and brought in question in this case were presented, heard and determined in the Probate Court, upon the final settlement sought to be set aside, and that the plaintiff was a party thereto contesting the said matters with defendant in said court.

The Probate Court having jurisdiction of the matters then passed upon, its judgment rendered in the case became final and conclusive between the parties, unless the same had been reversed or set aside by appeal or otherwise, by a court having appellate jurisdiction for some error in the cause. (Lewis v. Williams, 54 Mo., 200.)

2nd. It is shown by the certified transcript from the records of the Probate Court, read in evidence by the plaintiff, that an appeal to the Chariton Circuit Court was asked for by the defendant and allowed by the court from the judgment rendered by the Probate Court, upon the final settlement sought to be set aside for fraud in this case; and for all that appears in the case, said appeal is still pending and undetermined.

For the reasons above stated it becomes wholly unnecessary to investigate the other points which have been argued in this case.

The judgment will be affirmed. The other judges concur.