THE STATE *ex rel.* POUNTAIN *et al., Plaintiffs in Error,*
v. GRAY *et al.*

DIVISION ONE.

1. **Administration**: SETTLEMENT : PRESUMPTION. The settlement of the executor of an administrator with the estate of the latter's intestate will be presumed to have been in accordance with the requirements of law.

2. ——— : ———. The administrator *de bonis non* is a party to such settlement and represents the creditors and others interested in the estate, and his settlement is final as to the account of the first administrator with the estate.

3. ——— : FINAL SETTLEMENTS : JUDGMENTS. Final settlements of administrators have the force and effect of judgments, and are conclusive as to all matters, the proper subject of account, included and necessarily involved in such settlements.

4. ——— : IMPEACHMENT. The only way in which such settlements can be impeached and the correctness of credits allowed therein be inquired into is by a direct proceeding to set them aside for fraud. They cannot be attacked collaterally.

5. ——— : ——— : WASTE. Where creditors stand by and see accounts of administrators finally settled by the probate court, their only right of action under Revised Statutes, 1879, section 287, is for assets of the estate wasted and not carried into the final settlement.

6. ——— : ——— : ———. The fact that the probate court in auditing and adjusting accounts may have erroneously allowed credits to which the administrator was not entitled does not constitute waste by the latter, within the meaning of Revised Statutes, 1879, section 287, but only an error in the judgment which could be corrected on appeal, or by a direct proceeding in equity, if superinduced by fraud on the part of the administrator.

7. ——— : ——— : ———. A creditor cannot in such case maintain an action against the sureties on the administrator's bond.

*Appeal from Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Edmund Burke* and *A. W. Anthony* for plaintiffs in error.

(1) The first objection in defendant's demurrer to the petition of the relators, " that the petition states no cause of action against defendants," is without foundation. Wag. Stat. 1872, p. 118, secs. 6, 8 ; R. S. 1879, secs. 287, 290 ; *State to use v. Campbell,* 10 Mo. 724 ; *Clark v. Henry's Adm'r,* 9 Mo. 336 ; *Woodworth v. Woodworth,* 70 Mo. 601. (2) The second objection in defendant's demurrer to the petition of the relators, that the administrator *de bonis non* of Samuel H. Owens was the only person authorized to institute suit for any misappropriation of the funds of the estate of C. G. Hickcox, of which Owens was the original administrator, is equally groundless. Authorities, *supra.* (3) The third objection in defendant's demurrer to the petition of the relators is similar to the first, simply tautology, and is equally untenable. Authorities cited under first head. (4) The petition is properly drawn. *State ex rel. v. Lankford,* 55 Mo. 564. (5) Owens, as administrator of Hickcox, in permitting the liability that the latter may have incurred as curator of the Thorpe heirs to be probated and classified against the estate of Hickcox, was guilty of waste and mismanagement of the assets of the latter's estate. *Cohen v. Atkins,* 73 Mo. 163 ; *Ridgway v. Kerfoot,* 22 Mo. App. 664 ; 2 Williams on Ex. [ 5 Am. Ed.] p. 1629 ; 4 Bacon's Abridgment, p. 100. (6) Samuel H. Owens, as administrator of the estate of C. G. Hickcox, deceased, in procuring a credit for $2,630.01 for notes turned over to Carroll as curator for the English heirs, when he was only charged with $1,695.14 therefor, the excess being $934.87, was guilty of waste and mismanagement of the assets of the Hickcox estate to the extent of that excess. *Ridgway v. Kerfoot,* 22 Mo. App. 664 ; 2 Williams on Executors [ 5 Am. Ed.] p. 1629 ; 4 Bacon's Abridgment, p. 100 ; Bouvier's Law Dictionary, *devastavit,* par. 3,

sec. 1; *State to use v. Flynn*, 48 Mo. 415. Samuel H. Owens, as administrator of the estate of C. G. Hickcox, deceased, in procuring a credit of $3,292.50 for cash and notes retained by him as curator of the Thorpe heirs, when he was only charged $3,036.01, being an excess of $256.50, was guilty of waste and mismanagement of the assets of the Hickcox estate to the extent of that excess. Authorities last cited, *supra*. It is respectfully submitted that the relators, in filing their motion asking the circuit court to set aside the judgment and grant them a trial on the merits, should not be deemed so impertinent as to justify the circuit court in causing said motion to be contemptuously stricken from the files. *State ex rel. v. Hurlstone*, 92 Mo. 332; *Long v. Towle*, 41 Mo. 398; *Collins v. Saunders*, 46 Mo. 389. (7) The authorities cited and relied upon by defendants in error are not applicable to this case.

*Moore & Williams*, *L. F. Wood* and *Draffen & Williams* for defendants in error.

(1) The demurrer was properly sustained by the lower court. *First.* The settlement made by Wood, the executor of Owens, in the probate court of Moniteau county, with J. M. Hardy, the administrator *de bonis non* of the estate of Hickcox, is conclusive. An action upon the bond will not lie while this judgment remains in force. A final settlement is a judgment, and binding upon all parties interested until set aside by a proper proceeding in equity. This is too well settled to require the citation of authorities in its support. It applies to the settlement made by the representative of the deceased administrator with the administrator *de bonis non*. 2 Woerner's Am. Law of Administration, p. 1183, sec. 536; *Van Bibber v. Julian*, 81 Mo. 618; *RoBards v. Lamb*, 89 Mo. 303. *Second.* The effect of

this settlement cannot be avoided by calling this an action of waste. The statute relied upon by relators has no application to such a case. *State ex rel. v. Roland*, 23 Mo. 95; *Sheetz v. Kirtley*, 92 Mo. 417; *Lewis v. Williams*, 54 Mo. 200; *Murry v. Roberts*, 48 Mo. 307; *Jones v. Brinker*, 20 Mo. 87; *Robards v. Lamb*, 89 Mo. 303. *Third.* The plaintiffs cannot, in suit upon the bond after final settlement, investigate alleged illegal allowances or improper credits, by simply stating, that the administrator, in obtaining such credits and in failing to charge himself with all money received, was guilty of waste. *Van Bibber v. Julian*, 81 Mo. 618. ( 2 ) Hardy, upon taking charge of the estate, was entitled to all the assets that came into the hands of Owens, former administrator, and not properly accounted for by said former administrator. It was the duty of the administrator *de bonis non* to obtain possession of the unadministered assets. Inasmuch as there were debts unpaid, the administrator *de bonis non* was the only person entitled to sue upon the bond of the former administrator to recover the assets of the estate. Hardy, as administrator *de bonis non*, was the representative of the heirs and creditors of Hickcox, and is the only party to maintain a suit against the former administrator for such assets. *State ex rel. v. Heinrichs*, 82 Mo. 542; *State ex rel. v. Fulton*, 35 Mo. 323; *State ex rel. v. Hunter*, 15 Mo. 490; *State ex rel. v. Porter*, 9 Mo. 352; *State ex rel. v. Dulle*, 45 Mo. 269; *Kerrin v. Robertson*, 49 Mo. 252. ( 3 ) Hardy, as administrator *de bonis non*, made a final settlement of the estate on the fourteenth of February, 1888. This settlement has never been set aside, but remains in full force. It conclusively establishes the fact that the assets of the estate have been properly applied, and stands as a judgment, which cannot be impeached in this proceeding. *Van Bibber v. Julian*, 81 Mo. 618, 627.

BRACE, J.—This is an action against the sureties upon the bond of Samuel H. Owens, deceased, who was the administrator of the estate of Charles G. Hickcox, deceased. Defendants' demurrer to the plaintiff's petition having been sustained in the circuit court, and judgment rendered thereupon in their favor, the relator brings the case here by writ of error. It is alleged in the petition in substance, that the relators are husband and wife ; that Charles G. Hickcox was indebted to the relator, Louisa D. Pountain, upon a promissory note executed by him, bearing ten-per-cent. compound interest ; that said Hickcox died intestate ; that on the sixteenth of June, 1879, Samuel H. Owens was appointed administrator of the estate of said deceased, and executed the bond sued on with defendants Gray and Meyer as his sureties ; that on the thirtieth of August, 1879, relators' claim was presented to, and allowed by, the probate court of Moniteau county for the sum of $867, and placed in the fifth class of demands against said estate ; that the said deceased was also indebted to one Howard on a promissory note bearing interest at the rate of ten per cent. per annum compound ; that on the twenty-ninth of August, 1879, the said Howard presented his said claim to said probate court, and the same was allowed for the sum of $1,200, and placed in the fifth class of demands against said estate ; that afterwards on the fifteenth day of February, 1888, the said Howard, for value, assigned said demand to the relator, Louisa D. Pountain ; that said Owens, administrator, made two payments on each of said demands, and afterwards, on the —— day of February, 1882, departed this life, and thereupon James M. Hardy was appointed administrator *de bonis non* of said Hickcox's estate, duly qualified, and entered upon the discharge of his duties as such ; that the said Hardy made two payments on each of said demands, and on the fourteenth of February, 1888, made final settlement of the estate of said Hickcox, when the same was found to be

insolvent; that the balance due upon said two claims after deducting the payments aforesaid (when this suit was brought on the eighteenth day of February), amounting to the sum of $3,587.14, remains unpaid.

The relators assign as breaches of said bond: *First.* That said Owens as administrator as aforesaid in his first annual settlement made on the twenty-third of August, 1880, charged himself on account of notes belonging to the heirs of John English, deceased, of whom said Hickcox had been curator, with the sum of $1,695.14, their face value, and took credit on account of said notes turned over to the curator of said heirs in the sum of $2,630.01, thus obtaining a false credit of $934.87, to which said administrator was not entitled. *Second.* That the said Owens in his said first annual settlement charged himself on account of assets belonging to the Thorpe heirs with the sum of $3,036.01, and in the same settlement obtained credit by amounts retained by him, the said Owens, as curator of said heirs, in the sum of $1,617.40, and that after the decease of said Owens his executor in the settlement made with the estate of said Hickcox obtained a further credit on the same account to the amount of $1,675, making the amounts of credits thus obtained $3,292.50, and thereby a credit in the two settlements for $256.50 on account of said assets was thus obtained, to which the said Owens and his estate was not entitled.

The third and fourth breaches are that the said Hickcox before and at the time of his death was curator of the estate of Jefferson L. and Valorus Thorpe, minors; that after his death the said Owens became curator of the estate of said minors; that it was ascertained that the said Hickcox was indebted to his said ward, Jefferson, in the sum of $1,108.25 and to his said ward, Valorus, in the sum of $1,138.23, and that said Owens as curator of said minors while he was administrator of said Hickcox procured said amounts to be allowed by the probate court as demands against

the estate of said Hickcox; that in pursuance of such allowances the said Jefferson was paid the sum of $303.63, and the said Valorus the sum of $391.23, out of the estate of the said Hickcox, on account of said demands by the said Owens and Hardy, administrators as aforesaid.

It is alleged in the petition that each of the aforesaid credits and allowances was fraudulently procured; that thereby the estate of the said Hickcox was wasted and mismanaged by the said Owens to the extent of said several credits and payments, and that the relators have been damaged to the amount thereof, for which with interest thereon a right of action hath accrued to them on said bond, and judgment is asked accordingly.

It appears inferentially from the petition that, after the death of the said Owens, his executor, Wood, made settlement of his accounts with the estate of Hickcox; in fact one of the items sued for grows out of a credit allowed in that settlement. So that the cause of action, which relators claim hath accrued to them upon the bond for the several sums of money stated in the petition, is for credits claimed to have been erroneously allowed in the settlement of the said Owens, administrator, Wood, his executor, and Hardy, administrator *de bonis non*, with the estate of said Hickcox, by means whereof (the same not having been corrected but the errors carried into the final settlement), the estate has been wasted to the extent of such credits.

It thus appears that notwithstanding the settlement made in the probate court of Moniteau county of this account of Owens as administrator of the estate of Hickcox with said estate, made by said court between Wood, the executor of said Owens, and Hardy, administrator *de bonis non* of Hickcox, and the final settlement made in the same court by said Hardy, administrator *de bonis non* of the Hickcox estate, in which the right of these administrators to credit for the items set out in the petition was directly passed upon

and judicially determined by the probate court. Yet the relators contend that under the provisions of section 287, Revised Statutes, 1879, this action can be maintained. That section reads as follows: "After final settlement of any estate found to be insolvent any creditor, or other person interested therein, may bring an action of waste, or a suit on the administrator's bond and assign and prove as a breach of the condition any waste or mismanagement of the estate and have judgment against the executor or administrator for the whole value of the assets wasted or mismanaged as he could have done if the whole had been regularly accounted for with costs."

I. The precise question raised in this cause has not heretofore been before this court but the principles upon which it must be decided seem to be well settled. Hardy made final settlement of his account as administrator *de bonis non* of the estate of Hickcox. The settlement made by Wood, executor of Owens, of the account of his testator Owens with the estate of Hickcox, must, for obvious reasons, be presumed to have been made in accordance with the requirements of law. To such a settlement the administrator *de bonis non* is a party and represents the creditors and others interested in the estate and his settlement is also final of the account of such former administrator with the estate. R. S. 1879, sec. 48; *Van Bibber v. Julian*, 81 Mo. 618; *RoBards v. Lamb*, 89 Mo. 303; 2 Woerner, sec. 536; *State ex rel. Collins v. Dulle*, 45 Mo. 269; *State ex rel. Crane v. Heinrichs*, 82 Mo. 542. The estate, therefore, was regularly and finally settled in the probate court when this suit was commenced.

II. Final settlements of administrators in the probate court have the force and effect of judgments, and are conclusive as to all matters, the proper subject of account included in such settlements and necessarily involved in the final settlement thereof. *Patterson v. Booth*, 103 Mo. 402; *State to use of Tourville v. Roland*,

23 Mo. 95. The only way in which final settlements of administrators can be impeached, and the correctness of credits allowed therein be inquired into, is by a direct proceeding to set aside such settlements for fraud. They stand upon the same footing as other judgments of courts of competent jurisdiction, and cannot be attacked collaterally. *Garton v. Botts*, 73 Mo. 274; *Sheetz v. Kirtley*, 62 Mo. 417; *Miller v. Major*, 67 Mo. 247; *Lewis v. Williams*, 54 Mo. 200, and cases cited *supra*. Time and opportunity is afforded to creditors and all persons interested in the estate of persons deceased to contest the correctness of the statement of the administrator's account presented for final settlement in the probate court, with right of appeal from the judgment of that court finally adjusting that account between the administrator and the estate administered upon. R. S. 1879, chap. 1, secs. 48, 49, 50, 238, 239, 282, 283, 284 and 292. And if creditors will stand by and see the accounts thus finally adjusted by the probate court their only right of action under section 287, after final settlement, is for assets of the estate wasted and not carried into the accounts thus settled in the probate court.

The administrators in this case have regularly accounted for all the assets that came into their hands, in the manner required by law. The application of those assets to the discharge of the obligations of the decedent as made by them has, on final settlement, been approved by the probate court. The fact that the court in auditing and adjusting the accounts may have erroneously allowed credits to which the administrators were not entitled is not waste or mismanagement by the administrator within the meaning of section 287, *supra;* but an error of the court in its judgment, which could be corrected by appeal; or, if superinduced by fraud on the part of the administrator, by a direct proceeding in equity to set aside the settlement. This conclusion is plainly deducible from the reading of the section in

question and the one immediately following it, and is in harmony with the whole theory of our statute law in regard to the final settlements of the estates of decedents in the probate court, and we find nothing in the cases cited by counsel for the plaintiff in error to impugn the correctness of this conclusion. It follows that the circuit court committed no error in sustaining the demurrer to the petition, and the judgment is affirmed. All concur.