EMMONS, *Administrator, Appellant,* v. GORDON *et al.*

In Banc, December 22, 1894.

1. **Administrator, Resignation of:** FINAL SETTLEMENT: NOTICE. A notice of final settlement is not required where an executor or administrator resigns or intends to resign.

2. ———: ———. A retiring executor must make settlement with his successor and, therefore, no final settlement can be made by him until his successor is appointed. (R. S. 1889, secs. 47 and 48.)

3. ———: ———. A purported final settlement made by an executor before the appointment of his successor will have the force only of an annual settlement.

4. ———: ———: APPELLATE PRACTICE: RECORD PROPER: EXCEPTIONS. In a proceeding in the probate court by an administrator *de bonis non* to compel a final accounting by his predecessor, the latter's so-called "answer" setting forth an attempted final settlement before his successor's appointment, together with a supplemental settlement presented by him in which he confesses further indebtedness to the estate, will be considered as a proposed final settlement filed to be considered by the probate court, and as a part of the record proper in the circuit court on appeal, so that error in failing to give judgment for the administrator *de bonis non* on such record proper may be corrected in the supreme court though no exception was saved in the circuit court to the order overruling the motion for a new trial.

5. **Appellate Practice:** RECORD PROPER, ERROR IN. The supreme court will reverse the judgment for error appearing on the face of the record proper, and it requires no bill of exceptions or motion for a new trial to review such error.

6. ———: RECORD PROPER: BILL OF EXCEPTIONS. The record proper is not impaired as such by being inserted in the bill of exceptions and no place else. (*Douglas v. Orr*, 58 Mo. 573.)

7. Practice: ADMINISTRATOR: FINAL SETTLEMENT: OFFER OF COMPROMISE: STATUTE. Revised Statutes, 1889, section 2191, providing that if an offer, by defendant, of compromise is not accepted, plaintiff shall be liable for costs if he recover no more than the sum offered, is not applicable to settlement of a retiring administrator.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. W. Fry* for appellant.

(1) There can be no accounting or final settlement by an administrator after his removal or resignation before the appointment and qualification of a lawful administrator as his successor. 2 Woerner's Amer. Law of Administration, sec. 536, p. 1183; *Bible Society v. Oakley*, 4 Dem. 450. (2) It is only when there is a duly appointed and qualified administrator *de bonis non* who represents the creditors and others interested in the estate and as such is a party to such final settlement that the same has the effect of a judgment, because the judgment of a probate court approving a final settlement is conclusive only on the parties to it. *State ex rel. v. Gray*, 106 Mo. 533; *Patterson v. Booth*, 103 Mo. 417; *State ex rel. v. Heinrichs*, 82 Mo. 542; *RoBards v. Lamb*, 89 Mo. 303. (3) It is evident there was no final settlement, because the probate court not only refused to enter a final judgment approving the settlement and discharging the executor in November, 1887, but in September, 1890, ordered him to make a final settlement, and he did actually file a supplemental settlement in December, 1890. (4) The executor, Gordon, admitted in his answer that the settlement by

mistake was not full and final, and that he had some $500 of funds not accounted for. Therefore, as the settlement was not complete and he has never been discharged, plaintiff's motion requiring him to make final settlement should prevail. (5) The answer of Gordon was a pleading in the case, and, therefore, a part of the record. So, also, were the verdict and judgment of court, which were manifestly wrong. The action of the trial court will be reviewed without a motion for new trial. *Hannah v. Hannah*, 109 Mo. 240; *Spears v. Bond*, 79 Mo. 467. (6) Appellant, as administrator, was not required to file an appeal bond. *First*. He did not come under any of the exceptions of Revised Statutes, section 288. The appeal was to protect, and not antagonistic to, the interest of the estate. *Second*. Revised Statutes, 1889, section 290, has been amended to meet the very decisions cited by counsel. See Session Acts, 1891, p. 68. If bond was required, it is too late to raise that issue, not raised in the trial court, in this court. If necessary, we have, under above act, the right now to file bond. (7) Counsel for respondent misconstrues this action. It is a proceeding to compel the administrator to make a final settlement under Revised Statutes, 1889, sections 231, 218, 219. The bondsmen were not necessary parties. Therefore, if Gordon's answer operated against him alone, that is sufficient.

*George Robertson* for respondent.

(1) This is presumably an effort, under section 48, Revised Statutes, 1889, by a succeeding administrator, to compel a final settlement of the executor previously in charge of the estate, who had resigned. The contention of respondents is that, before this motion was filed, a final settlement had been made, resignation effected

and the executor discharged. Jno. M. Gordon made his final settlement at the November term, 1887, and this proceeding was not begun until the January term, 1890. (2) 'This settlement was a final judgment and can be questioned only on appeal or by a proceeding in equity for fraud. *Caldwell v. Lockridge*, 9 Mo. 358; *Barton v. Barton*, 35 Mo. 158; *Murray v. Roberts*, 48 Mo. 307; *Picot v. Bates*, 47 Mo. 390; *Clyce v. Anderson*, 49 Mo. 37; *Woodworth v. Woodworth*, 70 Mo. 601; *Yeoman v. Younger*, 83 Mo. 424; *Lenox v. Harrison*, 88 Mo. 491; *State ex rel. v. Gray*, 106 Mo. 526; *Van Bibber v. Julian*, 81 Mo. 618. (3) The finding of the balance due the estate of $87.78 and the note against Allen was conclusive. *Dix v. Morris*, 66 Mo. 514. (4) A final settlement of an administrator is equivalent to a final judgment. *Standone v. Locks*, 25 Mo. App. 64. (5) The order of the probate court at November term is a final judgment. Black on Judgments, sec. 38; Woerner's American Law of Administration, 505, 506, 507 and 570. (6) Appellant saved no exceptions to the ruling of the court on its findings, entering of the judgment or in overruling the motion for a new trial. He, therefore, occupies the position of acquiescing in the action of the court. For this reason, if no other, the judgment should be affirmed. *Wilson v. Haxby*, 76 Mo. 345; *McIrvine v. Thompson*, 81 Mo. 647; *Jackson v. Railroad*, 80 Mo. 147; *State v. Gaither*, 77 Mo. 304. (7) The supreme court can only review the record proper. *Railroad v. Carlisle*, 94 Mo. 106. (8) The record proper consists of the pleadings, process, return thereof, entries, orders and final judgment; not the evidence introduced in the trial of the case. *Greene County ex rel. v. Wilhite*, 35 Mo. App. 39; *Bateson v. Clark*, 37 Mo. 31; *Railroad v. Carlisle*, 94 Mo. 166; *Wolff v. Ward*, 104 Mo. 127. (9) No appeal bond was filed when the appeal was taken from the probate

court. A bond for an appeal must be filed. R. S. 1889, Sec. 288. No appeal can be granted by the probate court till such appeal bond is filled. R. S. 1889, Sec. 290; *Greene v. Castello*, 35 Mo. App. 127; *Robinson v. Walker*, 45 Mo. 117; *Corbin v. Laswell*, 48 Mo. App. 626. (10) No pleadings are required in the probate court and the general issue is always presumed in favor of a defendant therein. *Reed v. Snodgrass*, 55 Mo. 180; *Bank v. Williamson*, 61 Mo. 259·

*John M. Barker* also for respondents.

(1) The verdict and judgment for defendants was right, because a final settlement had been made with the court and with the heirs personally present, and the remedy was an appeal if they were not satisfied at that time, and the final settlement was fully ratified by Mr. Emmons on the twelfth of December, 1887, by accepting the finding of the probate court and collecting the fruits of that judgment, instead of appealing, and the final settlement was evidently in his and the heirs' supposed interests. *Strong v. Insurance Co.*, 62 Mo. 289; Bouvier's Dic.,title, Ratification; *Chouteau v. Allen*, 70 Mo. 290. (2) The verdict of the court was bound to be for defendants, because there was no evidence offered to show any liability of defendants or that any debt or sum of money was unsettled or due from plaintiff. (3) The plaintiff can not take advantage of Mr. Gordon's offer of compromise as an admission. Sec. 2191, Stat. 1889. (4) The plaintiff can not proceed, under section 48, against C. F. Clark, Wilmuth Clark, Joseph A. Potts and Elizabeth Potts, as attempted in this cause, because they are not sureties of John M. Gordon. See section 48, statutes 1889. And plaintiff, even though he had evidence against Mr.

Gordon, would have to dismiss as to those against whom he had no evidence, before he could ask for any judgment, and the same must be said as to improper parties.  (5)  The form of action against defendants being erroneous, it was proper to find for them.  106 Mo. 533; 103 Mo. 402.  (6)  The estate had been administered on for over eight years by Mr. Gordon, and that fact with the final order of the probate court to turn the remaining assets with the land over to Emmons, his successor, together with the fact that no creditors appeared to the last settlement, but that all the heirs with their attorney appeared, is abundant evidence and circumstance on which to find affirmatively, in addition to the presumption that there were no creditors.  Hence it follows that there was no reason for Mr. Emmons taking part in that settlement, and, it not being appealed from, could not be set aside, except in a direct proceeding to set it aside.  *State ex rel. v. Gray*, 106 Mo. 526; *Yeoman v. Younger*, 83 Mo. 424.

BLACK, C. J.—This was a proceeding commenced in the probate court of Audrain county, under section 48, Revised Statutes, 1889, to compel defendant Gordon as late executor of the will of J. J. West to account with the plaintiff administrator *de bonis non*.  The probate court gave judgment for the defendant Gordon and the sureties on his bond, who had entered their appearance.  On appeal, the circuit court gave a like judgment, and the plaintiff appealed to this court.  The case has been argued in division one, and also *in banc*.  A question made in the case and as to which there is a division of opinion, is whether the record before us presents anything for review.  It, therefore, becomes important to state the facts in detail.

The record consists of a copy of the transcript certified to the circuit court by the probate court,

a copy of the entries made by the circuit court, and the bill of exceptions allowed in that court. The transcript certified to the circuit court discloses nothing but the final judgment of the probate court and the order allowing the appeal. The transcript of entries made by the circuit court discloses the final judgment in that court, the filing and overruling of the motion for new trial and the order allowing the appeal to this court. All the other matters disclosed by the record appear in the bill of exceptions, and that, too, without any regard whatever to system or order.

According to the bill of exceptions the plaintiff produced the following evidence: An order of the probate court made on the twentieth day of September, 1887, showing that Gordon made proof of "notice of final settlement" and that the settlement was continued. An order of the probate court made on the twenty-eighth day of November, 1887, stating that Gordon "presents his accounts for his final settlement and resignation with a balance due the estate of $87.78 in money and one note on Jack Allen for $60, which said executor is ordered to pay over to his successor," and it is also ordered that he deliver to his successor all title deeds. The paper itself has indorsed thereon: "Examined and approved and filed the twenty-eighth of November, 1887," signed by the probate judge. An order of the probate court made on the twelfth of December, 1887, stating that Gordon filed receipt of Emmons, administrator, for the money and property mentioned in the last order.

The letters to the plaintiff as administrator *de bonis non* were issued on the eighth of December, 1887, and the order appointing him as such administrator was made on that day. The plaintiff, it will be seen, had not been appointed administrator *de bonis non* when Gordon made his so-called "final settlement."

On the ninth of September, 1890, the plaintiff filed his motion in the probate court asking that court to make an order on Gordon to appear and make final settlement, and that he be required to turn over all money and property in his hands to the plaintiff, and that the order be enforced by execution and attachment against Gordon and the sureties on his bond, whose names are set out in the motion.

From a record entry made by the probate court on the fifteenth of December, 1890, it appears Clark, one of the sureties, filed a separate answer. At that time other of the sureties entered their appearance. Gordon appeared and filed his "supplemental settlement," and the plaintiff filed exceptions thereto, claiming that Gordon was still indebted to the West estate in an amount exceeding $6,000. On the same day Gordon filed what is called a "separate answer." The plaintiff read in evidence this "supplemental settlement." It seems to be the same paper filed by Gordon, as, and for, his former alleged final settlement. The plaintiff also read in evidence the separate answer filed by Gordon, in which he says: "He hath already, long before this date, made a final settlement of said estate, according to law, which was approved by the judgment of the court, and hath never been appealed from, and that he hath fully complied with the said judgment by paying over to said plaintiff the balance found due, and that the plaintiff ought not to maintain this suit against him, and he prays for his discharge. He further says that by mistake, he failed heretofore to account for $681.70 received by him about the twenty-ninth of March, 1880, from Henry Baker, for land sold, and also, by mistake, he failed heretofore to charge said estate with the following sums" (amounting to $125.25), "and, notwithstanding he is not liable in this action, he now tenders plaintiff

a judgment for $556.45 as an offer of compromise, and he prays for his discharge.''

The plaintiff rested his case on the foregoing evidence.

The defendant then put in evidence the notice of "final settlement" before mentioned which was put in evidence by the plaintiff. Defendant also read in evidence the settlement of the twenty-eighth of November, 1887, with the indorsement thereon before mentioned. Gordon testified that he thought all the heirs of West were present when that settlement was made. To this evidence plaintiff objected, and excepted to the ruling of the court in admitting it. Plaintiff produced evidence to the effect that many of the heirs of West were not present at that settlement. The one who was present says he was advised by the attorney for Gordon, and others, that the settlement was not a final one.

Plaintiff filed a motion for new trial in due time, which appears in the bill of exceptions, and which was overruled, but the record fails to show that the plaintiff excepted to this ruling.

1. The first thing to be considered is the force and effect to be given to the settlement made by Gordon on the twenty-eighth of November, 1887, after having given notice of an intention to make final settlement. The law does not require a notice of final settlement to be given where an executor or administrator intends to resign or has resigned. *RoBards v. Lamb*, 89 Mo. 303; *State ex rel. v. Gray*, 106 Mo. 533. When an executor or administrator resigns, he must account in the probate court with his successor, for his successor in office represents the heirs, devisees, creditors, and others interested in the estate, and the money due from him to the estate and the remaining assets in his hands must be turned over to the successor. Such

is the plain meaning of sections 47 and 48 of the statute relating to executors and administrators. As the settlement of an executor or administrator who has resigned his letters must be made in the probate court with his successor, it follows that he can make no final settlement until a successor is appointed. Until then there is no one with whom the settlement can be made. 2 Woerner's Am. Law of Administration, p. 1183. In this case Gordon made the alleged final settlement before the plaintiff had been appointed administrator *de bonis non*. That settlement, no doubt, amounted to a resignation of Gordon, as between him and the plaintiff, but it was not a final settlement. It has no greater force or effect than an annual settlement. Gordon was still bound to settle with the administrator *de bonis non*, and that, too, in the probate court.

2. The court ought to have rendered judgment against Gordon for at least $556.45 on the admissions made by him in his so-called answer. But it is said this error can not be reviewed because the plaintiff failed to save any exception to the action of the court in overruling the motion for new trial. If any one thing ought to be taken as settled it is this, that this court will reverse for error appearing on the face of the record proper. It needs no bill of exceptions nor motion for new trial to reach such errors. The record proper is the petition, summons, subsequent pleadings, the verdict and judgment. If an administrator resigns, then by section 47 it is his duty to make settlement with his successor. If he fails to make such settlement, it is the duty of the succeeding administrator to move the court to compel him to make final settlement, and it is the duty of the court to ascertain the amount of money, etc., in his hands and order the same paid over, and to enforce such order. The settlement mentioned in the sections means a statement of

the accounts reduced to writing and filed in the probate court. It takes the place of a petition in an action in the circuit court. It is as much a part of the record proper as is a petition. The so-called answer of Gordon was simply a part and parcel of his statement of the accounts, and it and the so-called supplemental settlement, taken together, constituted his proposed settlement with plaintiff. Both are a part of the record proper, so that the error in failing to give judgment for plaintiff may be corrected here, though no exception was saved to the order overruling the motion for new trial.

Another objection is that this answer and supplemental settlement, as they are called, and which we treat as a statement of the accounts made by defendant, are found in the bill of exceptions and at no other place in the record. Though found in the bill of exceptions and at no other place, they are none the less a part of the record proper. As said in *Douglas v. Orr*, 58 Mo. 573, "the pleadings and the judgment in this case also appear in the bill of exceptions, and not elsewhere. All this is informal and improper, but we do not think it would justify us in refusing to pass upon the merits of the controversy." Nor was it necessary to read these papers in evidence. The admission of indebtedness stated in them stood as an admission in the cause and called for no proof. Nor can this so-called answer be taken as an offer of compromise under section 2191, Revised Statutes, 1889. That section has nothing to do with settlements of an outgoing administrator. Besides this, there is here an unequivocal admission of Gordon that he owed the estate $556.45, not made by way of an offer of compromise under the statute, but made in the statement of the accounts, a statement required by law to be filed, and which we have seen is a part of the record in the case.

There is not a thing in this case from which it can be inferred that Gordon ever made settlement in the probate court with his successor. Indeed, he does not, even in his so-called answer, claim that the administrator *de bonis·non* was a party to any settlement made by him. The defendant ought to be required to come to an accounting, and we see no reason why he should be relieved from doing so. The judgment is reversed and the cause remanded for further proceedings. All concur, except BARCLAY, J., who dissents. MACFARLANE, J., not sitting.