IN RE ESTATE OF GLOVER & SHEPLEY; GLOVER, *Administrator, Appellant.*

### Division Two, March 5, 1895.

1. **Administrator, Removal of:** SETTLEMENT. A settlement between a removed administrator and his successor, is not a final settlement of the former's accounts as administrator.

2. ———: ———: CREDITS. The burden is on a removed administrator to show that he has made a full accounting of the assets of the estate, and he is not entitled to credit for certain items of account solely because his successor filed no exception to their allowance.

3. ———: ———: ———. Where an administrator, authorized by the probate court to sell notes of the estate for their face value with accrued interest, sold them for less, and the makers were solvent and afterward paid their face value with interest, the administrator is properly chargeable with such full face sum.

4. ———: ———: ESTOPPEL. An administrator of a partnership estate who, as such, receives money deposited in bank by the firm in trust for another, is estopped to deny that he received it in his trust capacity, and to assert that he is accountable only to the *cestui que trust.*

5. **Probate Court:** EQUITABLE JURISDICTION. The probate courts of this state do not have equitable jurisdiction.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*John M. Glover* for appellant.

(1) Item, $566.63, taxes paid C. H. Turner & Company, should be allowed, as there is no exception thereto. (2) Item, costs paid in Basset case, $194.75, should be allowed, as there is no exception thereto. (3) Item, fee paid Klein & Fisse should be allowed, as there is no exception thereto. (4) Item, fee paid G. H. Shields, $500, should be allowed. Evidence is that Madill authorized it and no contradiction thereto. (5) Item, $750, interest paid Berkley, should be allowed, as there is no exception thereto. (6) The accountant should not be charged with the fund in the state bank, $1,753.63. *Schofield v. Rudd*, 9 B. Mon. (Ky.) 284; *Crowe v. Budy*, 5 Redfield (N. Y.), 1; *Merrick's Estate*, 8 Watts & Serg. 402. (7) Exception by respondent as to Chouteau and Turner notes is insufficient. *Estate of Halleck*, 49 Cal. 115; *Conger v. Babcock*, 87 Ind. 500. (8) The court erred in holding the appellant for the loss on these notes. *United States v. Petit*, 4 Cranch, 184; *Haddex v. Haddex*, 1 Litt. (Ky.) 201; *Mead v. Dugan*, 1 Tuck. (N. Y.) 388. (9) Accountant should have been allowed for his share of the estate in full. *Scott v. Crews*, 72 Mo. 269. (10) And for the assigned shares of J. A. and R. G. Glover. *Van Horn v. Walker*, 27 Mo. 78; *Scott v. Crews*, 72 Mo. 269; *Ford v. O'Donnell*, 40 Mo. App. 51. (11) The absolute deed is a mortgage only in equity, and the probate court had no equitable powers. *Scudder v. Ames*, 98 Mo. 521.

*Edward S. Robert* for respondent.

(1) No pleadings are necessary in the probate court. 1 Woerner's Amer. Law of Admin., sec. 149; *Sublett v. Nelson*, 38 Mo. 487; *Watkins v. Donnelly*, 88 Mo. 322. (2) Whatever comes to an administrator's hand by virtue of his office, from any source, he is chargeable with as administrator. *Scudder v. Ames*, 89 Mo. 496. (3) There is no such thing as the "market value" of a particular promissory note or chose in action; only things like wheat and an issue of bonds, that are dealt in, in a market, can have a "market value." *Redding v. Godwin*, 44 Minn. 355; *Delegal v. Naylor*, 7 Bing. 460. (4) The face value is. the *prima facie* value of a note or chose in action. The burden was on appellant to show that the Turner and Choteau principal and interest notes were worth less. 1 Sedgwick on Dam. [8 Ed.], sec. 256, *et seq* ; *O'Donohue v. City*, 22 Mo. 393: *Menkins v. City*, 23 Mo. 252; *Bredow v. M. S. I.*, 28 Mo. 181; *State to use v. Berning*, 74 Mo. 87; *Smith v. Griffin*, 32 Ga. 81; *Harris v. Parker*, 41 Ala. 604. (5) "It is well settled that a discharged executor or administrator is not to make distribution, but simply to pay over the fund to his successor." *State ex rel. v. Heinrichs*, 82 Mo. 542; *Connelly's Appeal*, 1 Grant's Cases, 368. (6) Where a contract is contained in several documents, they will be read as one, even though they do not refer to each other. *McDonald v. Wolff*, 40 Mo. App. 309; *Cornell v. Todd*, 2 Denio, 153; *Hanford v. Rodgers*, 11 Barb. 20; *Hull v. Adams*, 1 Hill (N. Y.), 603; *Jackson v. McKenney*, 3 Wend. 233; *Stow v. Tifft*, 15 Johns. 463; *Gammon v. Freeman*, 31 Me. 243; *Clark v. Monroe*, 14 Mass. 351; *Gilliam v. Moore*, 4 Leigh, 30; 2 Parsons on Contracts [7 Ed.], 503. (7) Where a mortgage is

all written, whether on one or separate pieces of paper, it constitutes a mortgage in law as well as in equity. (8) Our probate courts are not clothed with equitable powers. *Scudder v. Ames*, 89 Mo. 521; *Hammons v. Renfrow*, 84 Mo. 341; *Butler v. Lawson*, 72 Mo. 227; *Church v. Robberson*, 71 Mo. 327; *Church v. McElhinney*, 61 Mo. 540; *Pierce v. Calhoun*, 59 Mo. 272; *Titterington v. Hooker*, 58 Mo. 594; *Cones v. Ward*, 47 Mo. 289; *Dodson v. Scroggs*, 47 Mo. 286; *Coal Co. v. Slevin*, 56 Mo. App. 110; *Ford's Adm'r v. Talmage*, 36 Mo. App. 65.

BURGESS, J.—The partnership of Glover and Shepley was composed of Samuel T. Glover and John R. Shepley. Glover died in 1884, and the surviving partner Shepley took charge of the estate. Shepley died in the same year and John M. Glover was appointed administrator *de bonis non*, of the partnership estate. George A. Madill was appointed administrator of Mr. Glover's personal estate, and Mary A. Shepley executrix of the estate of John R. Shepley. John M. Glover was removed as administrator, and John F. Shepley was appointed to succeed him. Shepley was subsequently removed and the Union Trust Company was appointed in his stead.

The controversy arose in the probate court of the city of St. Louis, from which court the cause was taken, by appeal, to the circuit court of that city, by which it was referred to John M. Holmes as referee to make an accounting, and, upon his report as such referee coming in, John M. Glover filed his exceptions thereto, assigning numerous causes why the same should be set aside which were overruled, the report confirmed, and judgment rendered in conformity therewith in favor of John F. Shepley administrator *de*

*bonis non* for the sum of $38,913.80, including costs, from which judgment John M. Glover appealed.

Among the items for which defendant claims he should have been credited by the referee, and which were disallowed, were the following: *First.* To taxes paid C. H. Turner & Co., $566.63; *second,* costs paid in Basset case, $194.75; *third,* to Klein & Fisse, retainer fee, Rannels, $250; *fourth,* Klein & Fisse legal services, $750; *fifth,* interest paid Berkley, $750; *sixth,* item of $58,190.04, amount of Chouteau and Turner notes, upon which defendant insists that he only ought to have been charged with $53,920.88, amount realized by him on said notes, the difference being $4,269.16.

It is claimed by defendant that, as no exception was filed by his successor to the allowance of the first item, he should be allowed credit therefor.

This is a settlement between one administrator, who has been removed, and his successor, and is not a final settlement of his accounts as administrator.

Section 47, article 2, chapter 1, Revised Statutes, 1889, provides that, where an administrator has been removed, he "shall account for, pay and deliver to his successor * * * all money, real and personal property of every kind, and all rights, credits, deeds, evidences, of debt, and such papers of every kind of the deceased, at such time and in such manner as the court shall order, on final settlement with such administrator."

Section 48, article 2, chapter 1, Revised Statutes, 1889, provides, that after the revocation of the letters of an administrator, "the court having jurisdiction shall ascertain the amount of money, the quality and kind of real and personal property, and all the rights, deeds, evidences of debt and paper of every kind of the testator or intestate in the hands of such executor or administrator, or that came into his hands and remain unaccounted for at the time of his resignation

or removal from office or revocation of his letters, and to enforce such order and judgment," etc.

Section 215, article 10, requires annual settlements upon certain terms, which section 232 makes applicable to final settlements. Among those terms are the following: "Every settlement shall be subscribed by the executor or administrator and verified by his affidavit."

The law does not require the successor of an administrator who has been removed to file written objections or exceptions to his accounts, but it is his duty to account for, pay and deliver to his successor all money, real and personal property of every kind and description remaining in his hands at the time of his removal, at such time and in such manner as the court shall order, and the burden is upon him to show that he has accounted for all moneys, and property that come into his hands as such administrator and that he is entitled to all credits claimed by him.

"When an executor or administrator resigns, he must account in the probate court with his successor, for his successor in office represents the heirs, devisees, creditors, and others, interested in the estate, and the money due from him to the estate, and the remaining assets in his hands must be turned over to the successor. Such is the plain meaning of sections 47 and 48, of the statute relating to executors and administrators." *Emmons v. Gordon*, 125 Mo. 644. Furthermore, it is the duty of the court having jurisdiction of such matters to see that the requirements of the law are strictly observed. There was no error committed in the ruling in regard to this item.

What has been said applies with equal force to the second item, "costs paid in Basset case." Moreover at the trial it was stipulated by Glover's counsel that this item had not been paid by him, and of course he was not entitled to credit therefor.

The next question is as to the third and fourth items amounting in the aggregate to $1,000, which defendant claims he paid to Klein & Fisse for legal services rendered the estate, and for which he should have been credited. But, like the preceding items, no evidence of its payment was produced. Defendant's counsel also admitted at the trial that the item of $250, had not been paid. It would seem, therefore, that no error was committed in not allowing defendant credit for said items. With respect to the fifth item of $750, which defendant claims he paid as interest on a note of Samuel T. Glover and with which he should have been credited because there was no exception thereto, it appears in a supplemental account filed by defendant as follows: "I credit myself with $750, paid for interest on note of Samuel T. Glover." As no voucher was produced for this item, the same observations apply to it as to other items hereinbefore disposed of.

In the defendant's exception to the referee's report as to this item, he says: "The referee erred in refusing credit for the $750 interest paid on mortgage note of Samuel T. Glover before the partition of the property. As part owner, the accountant was entitled to charge it against its co-owners as an equitable set-off, if on no other ground." Conceding that defendant paid the money as he testified, upon the personal note of Samuel T. Glover, in no circumstance was he entitled to a credit for it against the partnership estate of Glover & Shepley. It will be observed, however, that defendant, in his exception, claimed credit for this item as an equitable set-off, upon the ground, of course, that as he was one of the distributees of Samuel T. Glover, and had succeeded to the rights of others who were also distributees, in equity, he was entitled to credit for it upon equitable grounds, but a sufficient answer to

this contention is that probate courts in this state have no equitable jurisdiction, no such powers being conferred by statute, by which alone they are governed, and their jurisdiction is prescribed.

As to the seventh item, defendant insists that the exception by Shepley, administrator *de bonis non* of the partnership estate of Glover & Shepley was insufficient. It is as follows: "He excepts to the amount charged by said administrator against himself, on pages 6 and 7 of defendant's amended and final accounting, as received by him for real estate, for the reason that said amounts should be respectively $20,-829.88 and $37,360.16, instead of $18,429.88 and $35,491, as given."

As has been said, no exceptions to the accounting of an executor or administrator who has resigned, are necessary under our statute, and, if required, no good reason has been suggested, or is apparent to us, why the exception as to the matters now under consideration was not sufficient, especially when it is stated that the reason for the exception was that defendant should be charged with the full amount of the notes, instead of the amount realized by him from their sale, and as they were the only items corresponding in amounts with those mentioned in the settlement, it seems impossible that defendant could have been misled by the want or statement of any fact in the exception necessary to enable him to protect his rights, nor has it been shown that his interests have in any way been prejudiced by reason of the insufficiency of the exception.

It is further contended that the court erred in holding defendant for the loss on those notes.

On March 21, 1888, defendant obtained an order from the probate court authorizing him to sell both sets of notes at their *face and accrued interest*, but,

instead of selling them in accordance with the order, he chose to disregard it, and to sell them at what he could get, and in doing so, as they were upon perfectly solvent parties, from whom were subsequently realized every dollar, including interest, he should have been held to account for the full amount of the face of the principal and face of the interest notes, instead of the face and accrued interest up to the time of the sale, with which he was charged by the referee. This seems to have been the measure of defendant's legal liability with respect of those notes, as understood by himself from the fact that the record shows that in taking credit for the notes delivered to the legal representative of the Shepley estate, he charged that estate with the full amount of the face of the principal notes and the face of the interest notes, while for the Glover interest he only charged himself with the amount realized by him from their sale. So that, if there was error committed by the referee with respect of these notes, it was in favor of defendant, of which he has no right to complain.

Another contention by defendant is that he was erroneously charged with the sum of $1,753.63, which was standing to the credit of the firm of Glover & Shepley upon the books of the state bank, and which defendant drew out of the bank after his appointment as administrator. This money seems to have been collected by said firm for a client, had not been called for, and remained to their credit as a trust fund. Defendant argues that the fund belongs to the client for whom collected, is not an asset of the firm, and that he is only liable to the person to whom the fund legally belongs, that is, for whom it was collected.

We are unable to see the force, logic, or justice of this argument. Defendant having received the fund as

administrator of the partnership estate, he should be estopped to deny that he holds it in his representative capacity, and should account for it as such administrator. If the contention be correct, he could not be held responsible upon his bond as administrator for this fund, although he received it as such, a position inconsistent with fairness and reason, and to which we are unwilling to give our assent. The title of Glover & Shepley, as to this fund, was good as against all other persons, except the *cestui que trust*, and it was correctly so held by the referee. *Scudder v. Ames*, 89 Mo. 496.

This disposes of all matters in controversy that legally and properly belong to the administration of the partnership estate. There remain but three items over which there seems to be any controversy: *First*, the amount of a fee of $500, which defendant claims to have paid G. H. Shields as attorney for the personal estate of Samuel T. Glover, by authority of the administrator, Judge Madill, but for which no voucher was produced, no proof that Shields rendered any services, and as to which Judge Madill testified that he did not know of or authorize it. For these, and another reason which will be hereafter stated, defendant was not entitled to credit for this item. *Second*. Defendant claims that he should have been allowed for his share as one of the distributees of the personal estate of Samuel T. Glover. *Third*, for the shares of J. A. and R. G. Glover distributees of the same estate, and which defendant claimed had been assigned to him.

These three items properly and legally belong, in so far as the probate court had jurisdiction, to the administration of the personal estate of Samuel T. Glover, where, by law, the administrator is required to give notice of the final settlement of his accounts as such administrator, and all persons interested may have an opportunity to be heard as to the

correctness thereof, while in case of the resignation. or removal of an administrator no such notice is required; and if it were, what distributee, or administrator of an individual estate, would think it worth the while to be present at a settlement of a partnership estate, by an administrator who had been removed, with his successor, although the person through whom he claimed, or upon whose estate he was administrator had been a member of the firm? In this case neither the administrator of the personal estate of Samuel T. Glover is a party, nor are Glover's heirs parties, yet their rights are sought to be litigated upon and adjusted. That part of the assets of the partnership estate to which Samuel T. Glover was entitled should have been turned over to the administrator of his personal estate, to whose custody it legally and rightfully belonged in order that it might be distributed through its proper channel. This, however, seems to have been an effort by the defendant, as administrator of the partnership estate, to a large extent to settle both the partnership and personal estate under the one administration, and in so doing he could have but expected to find trouble hard by, and the result to be inextricable confusion.

It has thus been seen that the matters now under consideration have no place in this controversy, unless it be by bringing to the aid of defendant some equitable rule which would entitle him to credit for these items, and in order to do this it must be invoked not in his favor as administrator of Samuel T. Glover's personal estate but as administrator of the partnership estate of Glover & Shepley, thereby diverting from the proper channel the settlement and distribution of the personal estate of Samuel T. Glover. But, whatever defendant's equities may be, no equitable relief can be afforded him in this forum for the want of such juris-

diction in the probate court, which has always been held by this court to possess no equitable powers. *Church v. McElhinney*, 61 Mo. 543; *Butler v. Lawson*, 72 Mo. 227; *Church v. Robberson*, 71 Mo. 326. The judgment is affirmed.

GANTT, P. J., concurs; SHERWOOD, J., not sitting.