JACOB REED, Appellant, v. AUGUSTA REED, Administrator, Respondent.

### St. Louis Court of Appeals, May 13, 1902.

1. **Equity:** SUIT TO COMPEL CREDITS OF PAYMENT TO BE PLACED ON NOTE: STATUTE OF LIMITATIONS. The maker of a note is not entitled to equitable intervention to compel the holder to credit on the note, payments made thereon, the maker having an adequate remedy at law by plea of his payments, when sued on the note; and there is no statute of limitations that would bar the payment that would not at the same time bar a suit on the note.

2. ——: ——: ——: JURISDICTION OF PROBATE COURT. A probate court has no jurisdiction to entertain a suit by the maker of a note against the administrator of the holder to compel the administrator to credit on the note payments thereon made to the deceased.

Appeal from Franklin Circuit Court.—*Hon. John W. Mc-Elhinney,* Judge.

Affirmed.

*James Booth* for appellant.

(1)   On its face, the statute only applies to those demands that can be allowed and classified after allowance. Secs.

184, 185, R. S. 1899; Brammel v. Adams, 146 Mo. 70. (2) Appellant was not seeking a money judgment against the estate. He only sought the allowance of a credit, the establishment and allowance of which would reduce his indebtedness to the estate *pro tanto.* Stiles, Adm'x, v. Smith, 55 Mo. 363. (3) Under the authorities cited, the claim for allowance for credits was not barred by the special statute. The probate court had jurisdiction under what is now section 195, Revised Statutes 1899. This proceeding is expressly authorized by that statute. It was the evident purpose of the statute last cited to afford a debtor a simple and effective remedy, i. e., by going into a court where no formal pleadings were required and there have an adjudication as to what credits he claims, which, if allowed, would reduce the debtor's demand, *pro tanto.* It has been held in this State, that under the statute, the debtor might go into probate court, set up his indebtedness to the estate, present his set-off and have the same allowed (Mitchell v. Martin, 63 Mo. App. 560), it being the intent of the statute to enable the debtor to commence his proceeding in the probate court, and show cause, if any, for the reduction of the estate's demand; then, to hold that he might present and have allowed his set-off, but could not have a credit allowed, which would reduce estate's claim *pro tanto,* would be, as said by Justice HARLAN, in Pierce v. Van Dusen, 47 U. S. App. 339, "to subordinate the reason of the law altogether to its letter."

*Jesse H. Schaper* for respondent.

(1) In the light of the statutory provisions, plaintiff's suit is brought upon a demand, a term so general in its application as to include any obligation, liability, or debt, incurred by the deceased; it is the most comprehensive term in the law. Mayberry v. McClurg, 51 Mo. 256. (2) The provisions of the statute giving to the probate court jurisdiction to hear and determine demands against the estates of deceased persons, are

broad enough to include all money demands of whatever nature, whether legal or equitable.  Hoffmann v. Hoffmann's Executor, 126 Mo. 486.  (3)  In the very language of the statement of his demand, plaintiff pleads the relation of debtor and creditor, and like all other creditors of the estate, plaintiff is subject to the two-year statute of limitation.  (4)  Our courts uniformly regard this special statute of limitation a statute of public policy, not to be fritted away by judicial interpretation or relaxed in favor of hard cases, or in view of the supposed equities of claimants.  Price v. McCause, 30 Mo. App. 627; Spaulding v. Suss, 4 Mo. App. 541; Nelson v. Haeberle, 26 Mo. App. 3; Bauer v. Gray, 18 Mo. App. 171; Pfeiffer v. Suss, 73 Mo. 255; Burkhart v. Helfrich, 77 Mo. 377; Garesche v. Lewis, 15 Mo. App. 565; Williams v. Penn, 12 Mo. App. 393.

BLAND, P. J.—Appellant filed the following complaint in the probate court (omitting caption) to-wit:

"Now comes the undersigned, Jacob Reed, and complaining in the above-entitled matter, alleges that said deceased was the payee and holder of a certain promissory note, executed by this complaint, dated October 29, 1892, for the sum of $1,858.50, due three years after date, with interest at the rate of six per cent per annum from date, payable annually.

"This complainant alleges that he has paid various sums and amounts on said note that have never been credited thereon, and for which he has received no credit from said estate.

"That he is entitled to the following credits on said note, which have been duly paid by complainant, and for which he has never received any credit, to-wit:

"Nov. 23, 1893.  By cash on said note...$200.00
"July 15, 1896.  By threshing 256 sacks
    wheat at eight cents................ 20.48

Reed v. Reed.

"July 25, 1897.   By threshing 287 sacks
    wheat at eight cents................   22.96
"July 17, 1898.   By threshing 296 sacks
    wheat at eight cents ..............   23.68
"1897 and 1898.   By sawing wood by
    steam, two days at $5.............   10.00
"By 500 feet of lumber at two cents....   10.00

"Wherefore this complainant prays the court by its order,. duly entered of record, to give complainant credit on said note, for the said sums, on the dates and days aforesaid, and. for all other necessary relief," to which complaint complainant made oath.

The answer of Reed's administratrix is as follows:

"Defendant, Augusta Reed, states that she is now and was at all times herein mentioned, the duly appointed and qualified and acting administratrix of the estate of B. F. Reed, deceased, under and by virtue of the orders and judgments of the probate court of said county of Franklin, from and after the twenty-fifth day of January, 1899. At which date the said probate court, of the said county of Franklin, duly granted to her letters of administration of the estate of said B. F. Reed; and that, as such administratrix, she duly published notice within thirty days from the date of the grant of said letters of administration, in a newspaper, published in the said county of Franklin, for more than three weeks; that such letters of administration on the estate of B. F. Reed, deceased, had been granted to her by said probate court, stating the date thereof, and requiring all persons having claims against said estate, to exhibit them for allowance to her as such administratrix, within one year after date of said letters; or they may be precluded from any benefit of said estate and that if such claims be not exhibited within two years from date of said letters, to be forever barred.

Vol 94 app—38

"And defendant further says that the claim, account or demand, set forth in the complaint, was not exhibited for classification or presented by plaintiff in this court, for allowance, or any notice thereof given to this defendant within two years next after the issuing and granting of letters of administration to this defendant on said estate by the said probate court; and so the said Augusta Reed, as such administratrix says that the account or demand, mentioned in the complaint or statement herein, was barred by the statutes in such cases made and provided, at the time when the same was presented to this court for allowance, as well as at the time when notice thereof was given to the defendant for presentment to the court for allowance. And the probate court has no jurisdiction to hear and determine said claim."

The probate court on a hearing rendered judgment for the administratrix, from which judgment complainant appealed to the circuit court where the cause was submitted to the judge on the following agreed statement of facts (omitting caption) to-wit:

"It is agreed by and between the parties hereto, that this cause is to be submitted to the circuit court, upon the following agreed statement of facts:

"It is agreed that the allegations in complainant's complaint in said cause, are true, and that complainant is entitled to a finding and allowance of the credits claimed in the complaint, unless barred by the two-year statute of limitations, or unless the probate court had no jurisdiction over the subject-matter of this controversy. It is further admitted that the allegations of fact contained in the defendant's answer filed herein, are true.

(Signed)            "JAMES BOOTH,

"Attorney for Jacob Reed.

"JESSE SCHAPER,

"For B. F. Reed's Estate."

The circuit court ruled that the probate court had no jurisdiction of the subject-matter of the complaint and rendered judgment for the administratrix. A timely motion for new trial proving of no avail the complainant appealed.

The proceeding is not to establish and have classified a money demand against Reed's estate, but, as the petition prays, is a proceeding to have ascertained and credited on appellant's note, which he gave to Reed in his lifetime, certain payments that he made to Reed on the note but which Reed failed and neglected to indorse as credits thereon. In effect, the petition is a bill in equity to enforce the specific performance of the implied obligation of Reed to indorse the payments of the note as they were made. A court of equity will interpose, in a proper case, and decree a specific performance of an express or implied contract when no actual injury has as yet been sustained. 2 Story's Equity Jurisprudence, sec. 730. But the appellant has not presented a proper case for equitable interposition, since he has an adequate remedy at law to plead his partial payments whenever he is sued on the note. But supposing he is entitled to equitable relief, the probate court, being one of limited powers, was without jurisdiction to grant such relief. Est. of Glover & Shepley, 127 Mo. 153; Patterson v. Booth, 103 Mo. 402; Butler v. Lawson, 72 Mo. 227.

The appellant misconceives the scope of the jurisdiction conferred on the probate court in respect to the estates of deceased parties. These courts have no jurisdiction to enforce or adjudicate a demand held by an administrator against a debtor of the estate. Stiles v. Smith, 55 Mo. 363. Their jurisdiction, as to demands, is confined to the allowance of demands of creditors of the estate and to allow credits to the administrator for unavailable assets which he had inventoried as a part of the estate and to allow him credit on any such assets that have been inventoried for more than is actually due. Had the respondent, as administratrix, made the application to the probate court for a reduction of the amount for which

the note had been inventoried to her on account of the partial payments made by appellant, there is no doubt that the court would have had jurisdiction to make the reduction and in this manner indirectly give the appellant the benefit of his payments.

A very different question is presented by the petition of appellant. As between him and the administratrix, in respect to demands, the jurisdiction of the probate court is confined to the adjudication of such a one as might be claimed by the appellant to be due to him from the estate after allowing the estate all just credits and set-offs. No length of time would preclude the appellant from pleading his payments when sued on the note, they co-exist and run with the note and there is no statute that bars them that will not at the same time bar the note itself.

The judgment is affirmed. *Barclay* and *Goode, JJ.*, concur.