In the Matter of the Partnership Estate of GLOVER & SHEPLEY; UNION TRUST COMPANY, Administrator, Respondent, v. MILDRED A. GLOVER, Administratrix, Appellant.

St. Louis Court of Appeals, April 28, 1903.

1. **Trust Fund: MINGLED WITH OTHER FUNDS, IDENTITY LOST.** The sum arising from the check was deposited in the State Bank in the name of and to the credit of the firm of Glover & Shepley, and was mingled with the assets of the firm and thereby lost all the earmarks of its trust character, and the action of the lower court in setting it aside from the mass of funds belonging to the estate of Glover & Shepley, and branding it a trust fund, did not make it such, and it can not be dealt with as a trust fund.

2. **Estate, Partnership: CREDITORS OF THE ESTATE: BARRED.** The owners of the fund became creditors of the partnership firm, the moment the firm deposited the draft in the bank to its credit, and as such creditors could have proved up their claim against the estate, and in failing to do so, they have forever lost their demand against the estate.

3. **————: TRUST FUND INTERMINGLED WITH OTHER FUNDS: CREDITORS OF THE ESTATE: ESCHEAT: STATUTES CONSTRUED.** Revised Statutes 1899, section 7381, provides that if on the final settlement of an executor or administrator there is a balance belonging to some legatee or distributee who is a non-resident, or who is not in a situation to receive the same, or who does not appear, the fund shall escheat to the State; and section 7382 provides that within a year after final settlement all moneys in the hands of an executor, unpaid or unclaimed, as provided in section 7381, shall be paid into the state treasury. A sum belonging to certain clients of attorneys was sent to the attorneys, who deposited it in a bank to their own credit, where it remained until after their death, and, not being claimed, an order was made in probate court finding that the money was a trust fund, and providing that if it were not claimed by its lawful owners within a year it should escheat to the State. *Held,* that, the fund having been so intermingled that it could not be distinguished from the general assets, it was not a trust fund, but an asset of the partnership estate, and the order was erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

REVERSED AND REMANDED *(with directions).*

*John A. Harrison* for appellant.

(1) The court below erred in adjudging that the so-called trust fund should in any event be paid over to the State of Missouri as an escheat fund. In default of the proper owners coming forward and making claim, Glover & Shepley and their estate own the money. In no event could the fund go to the State of Missouri. (2) The court below erred when it adjudged and decreed that section 7381, Revised Statutes 1899, of the State of Missouri, had any application to the case. That section has reference solely to a situation where heirs, legatees or representatives make no claim. The mere reading of the statute shows this. (3) The evidence in this case is undisputed, and section 7381 has no application thereto. The very terms of the statute forbid this. Glover & Shepley collected the money for a client. The evidence shows that the client refused to receive it. And the mere fact that Glover & Shepley died afterwards does not make the fund escheat to the State. (4) When Glover & Shepley collected the money, and the same is true as to the estate, they owned it as against all the world, except the true owners. In their hands it did not escheat. The true owners could come along at any moment and claim it, but until they did so Glover & Shepley owned the money. In short, Glover & Shepley had a title as against all the world, except the true owners.

*Allen C. Orrick* for respondent.

(1) In trusts of personalty, the trust funds do not vest in the trustees upon failure of cestuis but escheat to the State. Taylor v. Hogarth, 14 Sim. 8; Middleton

v. Spicer, 1 Bro. C. C. 201; 11 Am. and Eng. Ency. of Law (2 Ed.), 323. (2) Personal property held in trust by a decedent is not assets in the hands of his administrator for distribution to legatees or next of kin, but the administrator takes it as trustee for the cestuis, and in default of cestuis as trustee for the State. Moses v. Murgatroyd, 1 Johns. Ch. 119; Kip v. Bank, 10 Johns. 63; Quinby v. Walker, 14 Ohio St. 193; Boone v. Bank, 84 N. Y. 83; 11 Am. and Eng. Ency. of Law (2 Ed.), 849. (3) The trust fund, not having been claimed by the cestuis, escheats to the State both at common law and under the provisions of sections 7381 et seq., Revised Statutes 1899. Middleton v. Spicer, 1 Bro. C. C. 201.

BLAND, P. J.—In the summer of 1883, John F. Shepley was a young lawyer in the law firm of Glover & Shepley and attended to the reception and opening of its mail. Sometime during the summer of that year the firm received a letter from the law firm of Kittredge & Halstead, in Watsonville, Cal., inclosing a draft on New York to the order of Glover & Shepley for $1,753.60. The letter did not explain for what purpose the remittance was made. Young Shepley took the letter and draft to Mr. Glover and showed them to him. Mr. Glover stated he did not think the draft was for attorney's fees, but did not know what it was for, and told Shepley to place it in the State Bank to the credit of Glover & Shepley and wait until his father, John R. Shepley, of the firm of Glover & Shepley, who was then absent, returned and he would know what the draft was for. When Mr. Shepley returned he was sick and was not thereafter able to attend to business; on account of his illness he was never consulted about the draft. Both Glover & Shepley died in the year 1884. John M. Glover became the administrator of the partnership estate of Glover & Shepley. He drew the $1,753.60 out of the bank and made away with this and a considerable por-

tion of the assets of the partnership estate. He was removed and John R. Shepley was appointed as administrator of the estate of Glover & Shepley. In a short time, he was succeeded as administrator of the partnership estate by the Union Trust Company, the respondent herein. The Union Trust Company prosecuted a suit against John M. Glover and his surety for the purpose of recovering the assets of the estate converted by Glover. It succeeded in recovering a judgment for $44,780.88, in which judgment was included the $1,753.60, thereafter called a trust fund.

John R. Shepley undertook to find out something about the draft and for what the $1,753.60 was intended. To a letter of inquiry written by him to Kittredge & Halstead, he received from them the following:

"Watsonville, Cal., Dec. 4, 1896.
"J. F. Shepley, Esq.

Dear Sir: Your letter of twenty-fifth ult. inquiring 'on whose account and in connection with what suit or proceeding' I sent check for $1,759.30, in July, 1883, to Messrs. Glover & Shepley, attorneys, St. Louis, is at hand. In reply I have to state, that in the year 1878 a partition suit was brought in the district court of this county (Santa Cruz) by the heirs of John P. Davidson, deceased; among the heirs, parties defendant in that suit, were Marie Cowen and Ann Davidson. Messrs. Glover & Shepley, as attorneys for these heirs, corresponded with me in their behalf, and requested me to appear for them in that suit and attend to their interests. The suit proceeded to a decree, and as the land could not be partitioned and set off to the different interest-holders, in kind, it was ordered to be sold, and the proceeds divided among them. A sale was accordingly made, and the shares of proceeds to Cowen and Davidson, less my fee, amounted to the sum of $1,763.80. This amount I remitted in the check referred to less exchange, $4.50, to Messrs. Glover & Shepley. My cor-

respondence with them was throughout in their firm name.                               "Yours truly,

                    "A. S. KITTREDGE."

John M. Glover appealed from the judgment recovered against him, in favor of the administrator, to the Supreme Court. The Supreme Court affirmed the judgment (127 Mo. 153). In the opinion of the Supreme Court, at page 162, in referring to the fund arising from the draft, it is said: "The title of Glover & Shepley, as to this fund, was good as against all other persons, except the *cestui que trust*." Efforts were made by John R. Shepley, and also by Gist Blair, Esq., whom Shepley had interested in the matter, and also by the Union Trust Company after it became administrator, to discover the beneficiaries of this fund and have them come forward and receive it. It was ascertained that some of the parties who had an interest in the fund resided in Ireland and others in the State of Iowa, but none of them could be induced to come forward and prove their identity and take the fund, so it remained in the hands of the administrator who, on its final settlement, reported the fund as a trust fund and that it, with the accumulated interest, amounted to $2,649.55.

The appellant is the administratrix of the individual estate of Samuel T. Glover, of the former firm of Glover & Shepley. She appeared in the probate court as administratrix and claimed the so-called trust fund for the estate of Samuel T. Glover. The probate court decided against her claim and she appealed to the circuit court. On a hearing *de novo* the circuit court, in respect to this fund, found and adjudged as follows:

"The court doth further find that the sum of twenty-eight hundred and ninety-six and eighty-three one-hundredths dollars, being a part of said balance, is a trust fund under the decision of the circuit court of the city of St. Louis, entered in book 134, page 191, of the proceedings of said circuit court, for certain beneficiaries who are unknown.

"And the court doth further find that Allen C. Orrick has rendered services as attorney in this proceeding of benefit to said fund, and that said fund should be charged with the reasonable value thereof, which reasonable value the court finds to be the sum of one hundred and fifty dollars.

"And the court doth order that said Union Trust Company of St. Louis, administrator as aforesaid, do pay out of said trust fund said sum of one hundred and fifty dollars to said Allen C. Orrick, as compensation for said services, and do reserve the remainder of said trust fund, to-wit, the sum of twenty-seven hundred and forty-six and eighty-three one-hundredths dollars, and pay the same to the lawful owners thereof upon proper proof of such ownership.

"And the court doth further order that, if said sum of twenty-seven hundred and forty-six and eighty-three one-hundredths dollars be not claimed by its lawful owners within one year from the date hereof, the said Union Trust Company of St. Louis, administrator as aforesaid, shall pay the same, with interest thereon, at the rate of four per cent per annum, into the treasury of the State of Missouri to the credit of the 'Escheats Fund' under the provisions of section 7382 of the Revised Statutes of Missouri of 1899."

From this judgment Mrs. Glover duly appealed.

The estate of John R. Shepley waived its right to any further interest in the distribution of the partnership effects of the partnership estate of Glover & Shepley and is for that reason not made a party to this litigation, and the so-called trust fund should be turned over to the appellant as administratrix of the estate of Samuel T. Glover, unless the evidence shows that it should escheat to the State. Whether or not it is the subject of escheat depends upon its status, and upon a proper construction of section 7382, Revised Statutes 1899, which reads as follows:

"Within one year after the final settlement of any executor or administrator, assignee, sheriff or receiver, all moneys in his hands unpaid or unclaimed, as provided in section 7381, shall, upon the order of the court in which such settlement is made, be paid into the State treasury. And the State Treasurer shall issue to him a duplicate receipt therefor, one of which shall be filed with the State Auditor, who shall credit him with the amount thereof and charge the State Treasurer therewith. All such moneys so received into the State treasury shall be credited into a fund, to be known and designated as 'escheats.' "

In respect to money not claimed, in the hands of an administrator, section 7381, referred to in the succeeding section, provides: "If any person die intestate, seized of any real or personal property, leaving no heirs or representatives capable of inheriting the same; or, if upon final settlement of an executor or administrator, there is a balance in his hands belonging to some legatee or distributee who is a non-resident or who is not in a situation to receive the same and give a discharge thereof, or who does not appear by himself or agent to claim and receive the same; . . . in each and every such instance such real and personal estate shall escheat and vest in the State," etc. The fund could not escheat, under the provisions of this section, unless it is an asset of the partnership estate of Glover & Shepley and represents a balance in the hands of the administrator "belonging to some legatee or distributee who is a non-resident, or who is not in a situation to receive the same and give a discharge therefor or who does not appear by himself or agent to claim and receive the same." If Glover & Shepley so mingled the fund with their own money as to destroy its identity, or John M. Glover intermingled it with other funds of the estate, as he undoubtedly did, and there are no earmarks by which the administrator of the co-partnership estate, or the court passing upon its final settlement, can dis-

tinguish the fund from the general assets of the estate, then the fund must be treated as an asset of the partnership estate, and the parties owning it as general creditors of the estate.   11 Am. and Eng. Ency. of Law, 849.

The uncontradicted evidence is that the draft for the fund was payable to Glover & Shepley; that by direction of Mr. Glover it was deposited in the State Bank at St. Louis to the credit of the firm of Glover & Shepley.   By this action the State Bank became a debtor of Glover & Shepley for the amount of the deposit and all earmarks of its trust character were obliterated (Paul v. Draper, 158 Mo. 1. c. 200, and cases cited), and the parties to whom the trust fund was originally due and payable became the creditors of the firm of Glover & Shepley.   The fund having lost all indicia of a trust, to arbitrarily take out and set aside from the mass of the estate of Glover & Shepley a sum, corresponding in amount to the original trust fund, and brand it as a trust fund, does not constitute the money so set aside, a trust, and where, as in this case, the evidence conclusively shows that a fund, which was originally a trust fund, was mingled by the trustees with their own money and its identity absolutely destroyed and all of its earmarks obliterated, the fund as a trust fund ceased to exist and can not be dealt with specifically as such by a court, for the reason that the thing itself has no tangible existence.

The order of the court, setting aside $2,746.83 of the assets of the estate of Glover & Shepley and calling it a trust fund, was nothing more or less than an arbitrary sequestration of that amount of money belonging to the estate and appropriating it to the State.   As we have seen, the owners of the fund became creditors of the firm of Glover & Shepley the moment the firm deposited the draft in the bank to its credit.   Being thereafter simply creditors of the firm, the original owners were required, like any other creditors, to come forward

and prove up their demand against the estate to entitle them to payment. This they have wholly failed and neglected to do and their day in court has forever passed to establish a demand against the estate and they are not in a position to even make a demand on the State should the money be paid into the State treasury under the escheat statutes.

The judgment is reversed and the cause remanded with directions to the circuit court to enter up judgment for appellant and to order the money paid to her as administratrix of the estate of Samuel T. Glover. *Reyburn* and *Goode, JJ.,* concur.